## Zook *v.* Pennsylvania Railroad Co., Appellant.

*Equity—Question at issue—Railroad—Siding on street—Grade.*

The only issues to be passed upon in a suit in equity are those raised by the pleadings.

Where the sole object of a bill in equity is to prevent a railroad company from laying a siding in a street in any other manner than upon the established grade of the street, the court cannot consider the question of the power of the city councils to grant permission to the railroad company to construct a siding upon the street.

*Railroad—Streets—Grading—Siding above established grade.*

On a bill in equity to restrain a railroad company from laying a siding in a street in any other manner than upon the established grade of the street, the plaintiff is entitled to relief where it appears by the preponderance of proof that the tracks as laid in the manner contemplated would be nine and five eighths inches above the established grade ; that embankment thus made would seriously interfere with access to plaintiff's property ; that water in larger quantities than before would be cast upon plaintiff's land, and that the work was being done without any supervision by the street committee of councils, in violation of the ordinance which authorized the work.

Argued May 20, 1903.   Appeal, No. 130, Jan. T., 1903, by defendants, from decree of C. P. Lancaster Co., Equity Docket No. 4, page 3, on bill in equity in suit of Emma Zook v. The Pennsylvania Railroad Company and G. Sener & Sons, W. Z. Sener and J. Fred. Sener.   Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ.   Affirmed.

Bill in equity for an injunction.    Before LANDIS, J.

The court found the facts to be as follows:

While the facts of this case, as brought out upon the final hearing, differ in only a few respects from those which were ascertained by us upon the hearing of the motion to dissolve the preliminary injunction, yet, as this is the final hearing, we are bound, under the equity rules, to again specifically find them, so that the case may be intelligently presented for review.

It is not denied that Mrs. Zook, the plaintiff, is a resident of the city of Lancaster, and that she owns a tract of land, with warehouses and storehouses erected thereon, located on the north side of a public street in the said city, known as Harrisburg avenue, near its junction with North Mulberry street. These buildings are used for the packing and storing of tobacco. The tracks of the Quarryville branch of the Columbia and Reading railway have been laid upon North Mulberry street, between James street and Harrisburg avenue, and thence, crossing northward over Harrisburg avenue, run a short distance to the west of the buildings of the plaintiff, to meet the tracks of the main line of the Columbia and Reading railway, which lie farther to the north.    Formerly, these tracks were laid in accordance with the provisions of the charter of the Lancaster and Narrow Gauge Railroad Company, at grade; but several years ago the Pennsylvania Railroad Company raised its bridge at the place where its main line crosses under North Mulberry street, and, because of this change, it, at the same time, raised the tracks of the Quarryville road for a distance of at least seventy-five feet on each side.    Subsequently the tracks of the Quarryville road were also raised at Harrisburg avenue, and they are now at that place from nine to ten inches above the grade of the street.    There was no authority given by the city of Lancaster for the making of any such changes as these, and, as we shall hereafter ascertain, it is extremely doubtful whether such authority could have been given.    But no action, however, has been taken on the part of the city to re-establish the former condition.

The main tracks of the Pennsylvania Railroad Company, which is a corporation incorporated under the laws of the state of Pennsylvania and doing business and owning and operating

railroad tracks and sidings, lie to the westward. G. Sener & Sons, the defendants, who are a firm composed of William Z. Sener, J. Fred. Sener and others, are engaged in the coal and lumber business in this city. They have purchased a tract of land immediately to the east of the plaintiff's property, and they now propose to run a siding from the tracks of the Pennsylvania Railroad Company along Harrisburg avenue to their own property. It will thus be observed that the plaintiff's property lies between the main line of the Pennsylvania Railroad Company and the property of G. Sener & Sons.

Some years ago the Pennsylvania Railroad Company ran a siding from its main tracks eastward along Harrisburg avenue over ground where a pavement has since been laid, along the south side of that street, to a frame building, which is now said to be used by its employees as a carpenter shop. This siding extends up to a point from about 100 to 130 feet of the Quarryville railroad tracks. Some time after it was put down by the Pennsylvania Railroad Company that company pushed it out into the street on Harrisburg avenue, filled in with dirt the place where it formerly was, and then laid a pavement at that place. It is now proposed by G. Sener & Sons to extend that siding further along Harrisburg avenue, longitudinally, eastward, and to cross, diagonally, from the south side of that street to the north side, and across the tracks of the Quarryville branch of the Columbia and Reading railway, in front of the plaintiff's property, thence continuing along Harrisburg avenue, and crossing the gutter on the north side of that street, about fifty feet east of the Zook property, and in upon their own premises. The effect of this will be that the tracks of the siding will run about twelve feet from the curb line of the street before the Zook property, and they will be raised to the same height as those of the Quarryville branch of the Columbia and Reading railway, which, as we have before said, are now between nine and ten inches above grade; to be strictly accurate they are, according to actual measurement, nine and five eighths inches above grade, and the fall from the tracks to the bottom of the gutter will be thirteen and one fourth inches.

Prior to the commencement of the work now complained of, an ordinance was adopted by the city councils of the city of Lancaster, and approved by the mayor, whereby the said

G. Sener & Sons were given the right and privilege to lay a siding railroad track on Harrisburg avenue to connect with the main line of the Pennsylvania Railroad Company at a point on the south side of the said Harrisburg avenue, and to extend eastward on the siding now on the south side of Harrisburg avenue and across said Harrisburg avenue at Mulberry street into their property fronting on said Harrisburg avenue and arrived at said point in said public road, near Maysville Park Prince street; provided that the said work should be done under the supervision of the street committee. There was, however, nothing contained in the ordinance whereby the defendants were permitted to lay the track above the grade of the street. In pursuance of authority claimed by them under the said ordinance, the said G. Sener & Sons made an arrangement with the Pennsylvania Railroad Company by which it should do the work of laying the siding for them. Near daybreak, on the morning of June 3, 1902, about seventy-five men, employees of the Pennsylvania Railroad Company, under the direction of Mr. Wiseman, the supervisor of said company, began to lay the said siding above the grade of the street, and had it completed to a considerable extent, the frog being placed at its junction with the Quarryville branch, and the ties being laid, but the dirt and ballast not being yet filled in, when they were stopped by the injunction granted in pursuance of this bill.

There is no doubt that the tracks, as thus laid, will be above the grade of the street, and it has been shown by a preponderance of proof—and we, therefore, find it as a fact—that the effect of this will be to render it difficult, if not impossible, for the plaintiff to have access to her property from Harrisburg avenue if this change is made, especially so with large teams, and that the entrance and exit to and from the building and the use of it will be incumbered and hindered. In addition it has also been shown that, since the shedding has been erected upon the Sener property, a larger amount of water collects on Harrisburg avenue, and that this water drains upon her property in larger quantities than it formerly did before any such change was made, and that, if the track is completed as proposed, the Zook property will be, to a more or less extent, damaged by reason of water draining thereon in larger quan-

tities than before.    The  water  naturally drains  to  the  north-
west, and the change will  cause  an  undue  diversion  of it.

It is said by Mr. J. Fred. Sener that it was not the intention
of the defendants to lay the tracks on the grade of Harrisburg
avenue, as  that  street is  at  the present time, and  it  was  also
admitted by him that the street will have to be filled up in or-
der to make access possible  to the Zook property.    But there
has been no  change in the grade  and  no  authority shown un-
der which  any such filling in can  be  legally  done  in the said
street.

It is because of  these grievances and in order to protect her-
self against them that the plaintiff  has filed the present bill.

The court entered the following decree :

That the defendants, G. Sener & Sons, William Z. Sener and
J. Fred. Sener, and the Pennsylvania Railroad Company, their
officers,  agents,  operators  and  workmen,  are  hereby enjoined
and restrained perpetually, by the order and injunction of this
court, from  laying  a railroad track  or  siding on  Harrisburg
avenue, in the  city of  Lancaster, to  connect with  a  siding of
the Pennsylvania Railroad Company, at a  point  from 100 to
130 feet west of  the tracks of  the  Quarryville  branch of the
Columbia & Reading Railroad Company, and extending east-
ward, on the  south side of Harrisburg avenue, and  crossing
diagonally said avenue at Mulberry street over the tracks of
the said Quarryville branch of the Columbia  &  Reading Rail-
way Company, and further along Harrisburg avenue, and into
the property of the said G. Sener & Sons, which fronts upon
said street ; and also from laying said siding above the estab-
lished grade of  said Harrisburg avenue, and from placing or
erecting any ballast, ties or other obstructions over and upon
said avenue above the established grade thereof ; and they are
further enjoined and restrained perpetually from interfering or
intermeddling with the established grade of the said street or
avenue before the plaintiff's premises by laying any railroad
track or siding thereon.

*Error assigned* was the decree of the court.

*A . B. Hassler*, with him *H. M. North*, for appellants.—When
persons are authorized to lay a siding on and across a street,

such persons can lay such siding on the grade of the street as they find it : Warren v. Henly, 31 Iowa, 31 ; Commonwealth v. Wilkes-Barre, etc., Ry. Co., 127 Pa. 278 ; Winton Boro. v. Scranton, etc., R. R. Co., 1 Lack. Jur. 190 ; Duke v. Baltimore, etc., R. R. Co., 129 Pa. 422 ; Detroit v. Fort Wayne, etc., Ry. Co., 90 Mich. 646 (51 N. W. Repr. 688) ; Chicago, etc., R. R. Co. v. Quincy, 136 Ill. 563 (27 N. E. Repr. 192) ; Middlesex R. R. Co. v. Wakefield, 103 Mass. 261.

The court cannot enjoin a defendant for reasons other than those stated in the bill : Cumberland Valley Railroad Co.'s Appeal, 62 Pa. 218 ; Morio's Appeal, 4 Penny. 398 ; Horton's Appeal, 13 Pa. 67 ; Delaware & Hudson Canal Co. v. Pennsylvania Coal Co., 21 Pa. 131 ; Passayunk Building Association's Appeal, 83 Pa. 441.

*W. U. Hensel*, for appellee.—The siding must be laid at the established grade : Duke v. Baltimore, etc., R. R. Co., 129 Pa. 422 ; Shamokin Boro. v. Shamokin, etc., Elec. Ry. Co., 196 Pa. 166.

A municipality may be authorized to change the grade of a street and compel all persons to conform to the new grade thus established, provided it compensates those who are damaged, but it cannot under its general powers legalize an obstruction in the public street to the detriment of the private owner without express sanction of the legislature.

When the decree is entirely consistent with the general objects of the bill, with the prayer for general relief and with the proof, it will not be reversed because of immaterial variances of the reasons upon which it is based from those upon which it is asked : Wallace v. Loomis, 97 U. S. 146 ; Preston v. Loughran, 12 N. Y. Sup. 313 ; Vail v. Hammond, 60 Conn. 374 (22 Atl. Repr. 954) ; White v. Allatt, 87 Cal. 245 (25 Pac. Repr. 420) ; Doherty v. Holiday, 32 N. E. Repr. 315.

OPINION BY MR. JUSTICE BROWN, July 9, 1903 :

The real defendants below were G. Sener & Sons. The complaint of the appellee, as set forth in her bill, is, that, under an ordinance passed by the councils of the city of Lancaster, authorizing them to lay a siding railroad track on Harrisburg avenue, in the city of Lancaster, to connect with the main line

of the Pennsylvania railroad, they were about, without any authority so given by said ordinance, to change the grade of said Harrisburg avenue as established by law, and to lay the said track or siding in front of her property at an elevation above the grade of the avenue and above the surrounding grade and level of the street or avenue, in such manner as to interfere with her property, to obstruct ingress and egress thereto and therefrom, to prejudice, damage and despoil the same, to imperil the same by great damage from water, and, in many and various ways, to interfere with and incumber her in the use of her property and in the use of said street or avenue, and her prayer for relief is "that the said G. Sener & Sons, William Z. Sener and J. Fred Sener, and the Pennsylvania Railroad Company, their officers, agents, operatives and workmen, be enjoined and restrained, now temporarily, and hereafter perpetually, by the order and injunction of this court, from laying said railroad track or siding above the established grade of said street or avenue, and from placing or erecting any ballasting, ties, railroad track, or other obstruction, along, over and upon the said street or avenue, and from digging any ditches, making any embankments, or in any way incumbering the said Harrisburg avenue, and from interfering or intermeddling with the established grade of said street or avenue, in any other manner, than to lay their said track upon the established grade thereof."

In awarding the injunction restraining the defendants from laying the siding, the learned judge below relied chiefly on the want of power in the city councils to grant permission to construct it. This question is not raised by the pleadings and cannot enter into the decision of the case. The only issues to be passed upon in a suit in equity are those raised by the pleadings: Thompson's Appeal, 126 Pa. 367 ; Pennsylvania Schuylkill Valley Railroad Co. v. Philadelphia and Reading Railroad Co., 160 Pa. 277 ; Morios's Appeal, 4 Pennypacker, 398. What the plaintiff below complained of was not that the defendants were about to lay the siding, but that they were about to lay it at an elevation above the grade of the avenue, in such a manner as to interfere with her property rights; and the prayer is not for an injunction to restrain them from laying it, but from laying it "in any other manner" than "upon the established

grade " of the street. We are to consider only that of which she complains, and determine whether or not, in the light of it, she is entitled to the specific relief asked for.

One of the conclusions of the court below was, that " the ordinance granting permission to G. Sener & Sons to erect their siding, even if an exercise of powers legally vested in council, must necessarily be authority for a construction only on the grade of the street." The correctness of this proposition cannot be questioned, and to it the appellants seem to take no exception ; but, to avoid the effect of it, they say that they proposed to lay the siding on the street as they found it. The answer to this, however, is, that the court has properly found as a fact from the testimony that " it will also be necessary to fill up the street to the level of the siding, and it will cause to be maintained at or about the center of the street an embankment, device and construction of nine and five eighths inches above its grade."

On the material allegations of the bill, as to the unlawful constructions of the siding by the defendants and the injury resulting from such construction of it to the plaintiff, the findings of the court, which we will not disturb, were : " There is no doubt that the tracks, as thus laid, will be above the grade of the street, and it has been shown by a preponderance of proof —and we, therefore, find it as a fact—that the effect of this will be to render it difficult, if not impossible, for the plaintiff to have access to her property from Harrisburg avenue if this change is made, especially so with large teams, and that the entrance and exit to and from the building and the use of it will be incumbered and hindered. In addition it has also been shown that, since the shedding has been erected upon the Sener property, a larger amount of water collects on Harrisburg avenue, and that this water drains upon her property in larger quantities than it formerly did before any such change was made, and that, if the track is completed as proposed, the Zook property will be, to a more or less extent, damaged by reason of water draining thereon in larger quantities than before ; " and another finding was : " The ordinance under which the defendants proceeded to lay this track provides that a track or siding should be laid under the supervision of the street committee of councils. No evidence has, however, been presented before us

to show that the work was being so done, or that even the street commissioner or any member of the street committee had any notice that it was about to be done, or was consulted about the manner in which it was being done, and no authority from the city to make the fill and change the grade has been presented by any one, nor had any provision been made to perform or pay for such work."

These findings were fairly found from the testimony, and, in view of them, the specific relief prayed for by the plaintiff " protection from what would be a continuing injury to her property and interference with her full and free use of it " could not have been withheld by the court below. So much of the decree as perpetually enjoins G. Sener & Sons, William Z. Sener and J. Fred. Sener, and the Pennsylvania Railroad Company, their officers, agents, operators and workmen, from laying a siding above the established grade of Harrisburg avenue, in the city of Lancaster, and from placing or erecting any ballast, ties or other obstructions over and upon the said avenue above the established grade thereof in front of plaintiff's property, and from interfering or intermeddling with the established grade of the said street at said point, is affirmed, the costs below, as well as on this appeal, to be paid by G. Sener & Sons, W. Z. Sener and J. Fred Sener.