## Neureuter et al., Appellants, *v.* Scheller et al.

*Deed—Resulting trust—Father and daughter—Purchase money —Evidence—Presumption—Burden of proof.*

1. The presumption that the title is in conformity with a deed, is a strong one, and cannot be overcome, except by satisfactory and clear evidence to the contrary.

2. He who alleges a trust contrary to the wording of a deed, takes the burden of establishing it, and all the essential requisites of such trust must be shown by clear, explicit and unequivocal proof.

3. A child may accept a voluntary deed from a parent without being subjected to an obligation to make affirmative proof that the grantor was fully acquainted with the character of the act in which he was engaged and the conveyance was fair and conscionable.

4. Where a wife buys real estate and directs that title should be placed in the name of her daughter, the father cannot, twenty years thereafter, compel conveyance of the property to himself on the ground that he had contributed the purchase money, without clear, explicit and unequivocal proof of that fact.

5. Even if it were the fact that his money and his alone had purchased the property, that would not be sufficient to raise a trust in his favor, without some proof that he had directed the title to be placed in his name, and his confidence, that this would be done, had been abused.

6. In such case, a finding of the chancellor, supported by sufficient evidence, that the wife did not have the name of the daughter inserted in the deed in fraud of the right of the father, will not be reversed on appeal.

Argued February 22, 1921. Appeal, No. 182, Jan. T., 1921, by plaintiffs, from decree of C. P. Lackawanna Co., Oct. T., 1919, No. 5, dismissing bill in equity, in case of John Neureuter and Frank J. Kloss, executors of Frank Neureuter, deceased, et al. v. Margarite Scheller et al. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAF-FER, JJ. Affirmed.

Bill in equity to declare a trust, and for conveyance of real estate. Before BARBER, P. J., specially presiding.
The opinion of the Supreme Court states the facts.
The court dismissed the bill. Plaintiffs appealed.

*Error assigned,* inter alia, was above decree, quoting it.

*John M. Gunster,* for appellant.—A court of equity will pursue trust funds as long as they can be identified

and through any number of hands or transmutations: Marshall's Est., 138 Pa. 285; Cross's App., 97 Pa. 471; Cobson's Est., 3 Pa. Superior Ct. 244; Robert's App., 92 Pa. 407; Morrison v. Blake, 33 Pa. Superior Ct. 290; O'Neill v. O'Neill, 227 Pa. 334.

Where a trustee procures title to be taken in another's name, the latter is bound by the trust: Bachman v. Killinger, 55 Pa. 414; Lloyd v. Woods, 176 Pa. 63; Galbraith v. Galbraith, 190 Pa. 225.

Equity will not permit one to hold benefit which was derived from the fraud even of a third party: Plumer v. Reed, 38 Pa. 46; Boynton v. Housler, 73 Pa. 453; Kisler v. Kisler, 2 Watts 323; Robertson v. Robertson, 9 Watts 32.

One who receives any portion of trust assets, either without valuable consideration or by fraud and collusion, will be affected with a trust by construction of law: Petrie v. Clark, 11 S. & R. 377; Sims v. Chew, 15 S. & R. 197; Gaynor v. Quinn, 212 Pa. 362.

The nominee in the deed becomes a trustee: Edwards v. Edwards, 39 Pa. 369.

*R. W. Archbald,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1921:

The bill in equity in this case was filed by Frank Neureuter in his lifetime, against his daughter, Margarite Scheller, and her husband, praying that a deed to her be declared null and void, and that she and her husband be ordered to convey the property described in it to him; subsequent to the filing of the bill, and prior to the trial of the case, Frank Neureuter died and his executors and two of his children were substituted as parties plaintiff. The title asserted by the original plaintiff has its foundation in the claim that his daughter held title to the property in trust for him, as the result of its purchase money coming from him. The learned chancellor, who heard the case, determined that a trust in the father's

favor had not been established by the proofs and dismissed the bill; plaintiffs have appealed.

A recital of the facts disclosed by the evidence will show that they fail to measure up to the proof required to set aside such a solemn instrument as a deed, and to convert a fee simple grantee into a trustee for another. In a somewhat similar case, Earnest's App., 106 Pa. 310, Mr. Justice CLARK, speaking for the court, said, "The appellants hold under the deed; .......they are intrenched behind and hold all the muniments of a legal title. From this citadel they cannot be dislodged by any random fire; the attack must be made and maintained by clear and consistent proofs that, although the deed is absolute in form, it was otherwise intended in fact. The presumption, that the title is in conformity with the deed, is, as it should be, a strong one, and cannot be overcome, except by satisfactory and clear evidence to the contrary......; he who alleges the trust, takes the burden of establishing it, and all the essential requisites of that trust must be shown by clear, explicit and unequivocal proof." Applying to the case in hand, the touchstone of this long established principle so luminously stated, what do we find?

The bill was filed in July, 1919; thirty-eight years before, in 1881, conveyance was made to Anna Neureuter, wife of Frank Neureuter, the original plaintiff, of a lot on Pittston Avenue, in the city of Scranton; the deed vested title in her in severalty in fee. The following year, the husband acquired title to an adjoining lot and seven years thereafter, in 1889, he and his wife, through the instrumentality of a deed from an intermediate grantee, conveyed this lot to the wife, who continued to hold both lots until 1898, when they were sold for a consideration of $3,200, which was received by her. Between the time of the purchase of the first lot and the sale of both of them in 1898, improvements were made upon them, which were paid for by the earnings of the whole family. At the time of the sale of the properties,

some indebtedness on them was paid and the balance remaining, about $2,000, was deposited by the wife in a savings bank from which she later withdrew it, and with it and $400 additional, which she borrowed, purchased the property on Stone Avenue, the subject of this litigation, the deed being made to her daughter, Margarite Scheller, one of the defendants, in whom the title remained for twenty years, when this bill was filed by the father, who asserted the property was his. Just whose money paid for the lot first purchased in 1881 does not appear, but presumptively it was the wife's; of course, the conclusion must be that the husband's money paid for the second purchase, but when he, by his grant, placed the title to it in the wife, the legal presumption is that a gift was intended (Earnest's App., supra) ; so we have the wife, vested with title to both lots, one by purchase with her own money, the other by gift from her husband, selling them, receiving the purchase money, depositing it in bank to her own credit, thereafter withdrawing it to pay in part for another property, title to which she placed in her daughter's name, where it remained for twenty years. It should and would require strong and convincing proofs to upset the daughter's title under these circumstances. The evidence discloses that the father knew of his wife's intention to invest the money received from the sale of the Pittston Avenue property in the purchase of the Stone Avenue property; but there is no evidence that anything was said about the name in which the title should be taken, or that he requested or directed his wife to take title in his name or in their joint names as tenants by entirety, and there is neither allegation nor proof that, when the wife purchased the property and put the title in her daughter, she intended the latter should hold it in trust for her or for any one else. For seventeen years preceding the death of his wife, the husband was separated from her and lived in another county; after her death, he consulted an attorney and was then fully informed that title

to the property had been taken in the name of the daughter and that the deed was of record. Shortly after receiving this information, he took up his residence with the daughter and remained with her until about the time of filing the bill, almost three years. By his will he specifically devised the property in question to two of his children, who were the substituted plaintiffs in the bill, so that if his and their contention be upheld, the daughter, Margarite Scheller, would receive nothing. "A child may accept a voluntary deed from a parent without being subject to an obligation to make affirmative proof that the grantor was fully acquainted with the character of the act in which he was engaged and that the conveyance was fair and conscionable": Carney v. Carney, 196 Pa. 34.

The sole allegation in the bill which would support the plaintiffs' demand for a reconveyance of the property is that the money used for the purchase was earned by and belonged to the original plaintiff, and was entrusted by him to the custody of his wife; but the only witnesses who testify to this are his son and the latter's wife, his daughter and her husband, to whose competency, under the Act of May 23, 1887, P. L. 158, objection was made. We need not pass on the question as to whether these witnesses were competent; their testimony, which was taken by the court and subsequently excluded, appears in the stenographer's notes, but, even if admitted, it would not establish a case against defendants. There is no evidence of the husband having any money except his monthly earnings, which he gave to his wife or permitted her to receive, and which, along with the earnings of the children, was used in payment of family expenses and the improvement of the Pittston Avenue property; from this showing, it could not be predicated that the property in question was bought with the husband's money alone. The evidence disclosed the wife was a frugal and industrious woman, and that she at times kept boarders, thus contributing to the family funds.

Certainly it could not be determined,—in view of the testimony that not only the father's contributions, but those of the whole family, went into the purchase of the property,—that the father should have a decree that the property belonged to him; indeed, the mere fact, if it were the fact, that his money and his alone purchased the property, would not be sufficient to raise a trust in his favor without some proof, and there was none, that he had directed the title should be placed in his name and his confidence that this would be done had been abused.

We do not decide the question as to whether the original plaintiff was barred by the Act of April 22, 1856, P. L. 532, because of our conclusion as to the insufficiency of the evidence to establish his claim. The learned chancellor found the wife did not have the name of her daughter inserted in the deed in fraud of the right of her husband, and with this we agree. For the reason that the substituted plaintiffs failed to establish that the property in question belonged to Frank Neureuter, the original plaintiff, the court below correctly dismissed the bill.

The assignments of error are overruled and the decree is affirmed at appellants' cost.