## Katz v. Katz, Appellant, et al.

Argued April 19, 1932.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Peter P. Zion,* for appellant.—When a husband buys real estate and has the deed made to his wife, the legal presumption is that a gift was intended, and not the presumption that she is to hold the property in trust for him: Gassner v. Gassner, 280 Pa. 313; Loefler's Est., 277 Pa. 317; Buckwalter Stove Co. v. Edmonds, 283 Pa. 236.

A double burden rests on the husband who would impress a trust for his benefit on lands conveyed to his wife.  He must prove not only that the real estate was purchased with his money but he must overcome the presumption that the conveyance to his wife was intended as a gift: Earnest's App., 106 Pa. 310, 318; McCormick v. Cooke, 199 Pa. 631; Byers v. Ferner, 216 Pa. 233.

It is well-established law that, if a trust result at all, it must result at the instant the deed is taken and the legal title vests in the grantee: Cragin's Est., 274 Pa. 1;

Earnest's App., 106 Pa. 310; Hayes's App., 123 Pa. 110; McCormick v. Cook, 199 Pa. 631.

*David H. H. Felix,* of *Felix & Felix,* for appellee.— If a husband, as complainant in a bill in equity brought to declare a resulting trust in real estate in his favor as against his wife in whose name title lies, avers that the property was bought with his money exclusively and was not intended as a gift for his wife and if the wife (respondent), in her answer, avers specifically that the real estate was bought with her money exclusively, and at the time of the hearing before the chancellor, offers no evidence at all the wife cannot take advantage of the presumption of gift, even though her answer to the bill in equity is directly contradictory to said presumption: Cavender v. Cavender, 114 U. S. 464; Alcania Co. v. Land Co., 23 Pa. Dist. R. 990; Hurley v. Canal Co., 5 Pa. Dist. R. 257; Zook v. R. R., 206 Pa. 603; Sloan v. James, 13 Pa. Superior Ct. 399.

OPINION BY MR. JUSTICE DREW, September 26, 1932:

This is a proceeding in equity for the declaration of a resulting trust in real estate. The case was heard on bill, answer, replication and proofs.

The bill alleges: that Morris Katz, complainant, and Esther Katz, respondent, are husband and wife and were married in 1904; that complainant was engaged in the business of buying and selling real estate in the City of Philadelphia; that for a time he was also employed as a police officer of that city, and, being desirous of not disclosing his business dealings in real estate, he placed the titles of properties purchased by him in the name of the respondent, his wife; that all money invested in real estate was his money; that no money for the purchase of these properties carried in her name came from the respondent; that in the course of these dealings, in July, 1926, a garage property known as 713-717 Oregon Avenue, Philadelphia, was purchased by complainant and

the title placed in the name of his wife; that at the time of purchase the property was subject to mortgages totaling $12,000, and complainant invested in the property $8,000 over and above the mortgages; that later complainant created two separate mortgages on the property, a first mortgage in the sum of $7,500, and a second mortgage in the sum of $8,500, paying off the mortgages totaling $12,000, and as the title to the property was carried in the name of respondent, she together with complainant became the mortgagors therein; that all of these transactions were carried on in the regular course of business of complainant, and at no time did respondent demand or exercise any control over the property; that subsequent to the purchase, on December 14, 1927, complainant leased to Samuel Kassay the premises for a rental of $190 per month from December 1, 1927, the lessors in the lease being complainant and respondent; that with respect to the purchase and leasing of the property, complainant alone had complete, full and entire control, and the respondent at no time exercised dominion, control, ownership or right over any of the properties owned by complainant; that respondent has now wrongfully and fraudulently, with intent to deprive complainant of his property, asserted a right of ownership in the garage property, and has demanded that the tenant vacate the premises.

The prayer of the bill is, inter alia, that the respondent be declared to hold the premises as trustee of the complainant, and be required to convey them to him, and to account to him for rents, issues or profits.

The respondent in her answer denied all the allegations of the bill except that she is the wife of the complainant, and that he had been employed as a police officer in Philadelphia. The substance of her defense—the only defense set up by her—is repeated several times in her answer, but is stated most succinctly in the seventh paragraph, which reads:

"Each and every parcel of real estate purchased in the name of Esther Katz and title to which was taken in the name of Esther Katz, was paid for with and by the moneys and property belonging to the defendant."

To this answer the complainant filed a replication reiterating the facts stated in the bill.

The chancellor found the facts as alleged in the bill to be correct, and entered a decree nisi, which later, after argument before the court in banc, was made final.

Counsel for respondent filed sixty exceptions (with leave to file more) to the findings and conclusions of the chancellor, and twenty-seven assignments of error to the conclusions of the lower court in entering the final decree. There is no merit in any of these assignments.

The testimony, uncontradicted, shows that between 1905 and 1922 complainant bought and sold six properties, and made a profit of $16,400; that his wife did not have anything to do with these transactions, and her name was not used in any of them. In 1926 he bought seven properties on Second Street and four or five at Thirteenth Street and Fairmount Avenue, and had the titles placed in her name. She had nothing to do with these purchases, and did not contribute any money. When the Thirteenth Street and Fairmount Avenue properties were sold, she signed the deeds, but neither asked nor received any share of the profits of the sales, all of which were kept by her husband. When the Second Street properties were exchanged for the Oregon Avenue garage, she signed the deeds but did not otherwise participate in the transaction. The complainant managed the garage for a year, without interference from his wife or sharing the profits with her. The following year she signed a lease for the garage to Kassay, either along with her husband or alone, but she had nothing to do with arranging it, and subsequently exercised no control over nor received any rent from the property. Shortly before the filing of this bill, she and

her husband separated, and only then did she attempt to assert her nominal title.

A husband who would impress a trust for his use upon real estate conveyed to his wife has no easy task. A double burden rests upon him—to prove the property was purchased with his money, and to overcome the presumption that it was a gift to her. "When a husband purchases property in the name of his wife, the presumption of a gift to her exists, and not a presumption that she is to hold the property in trust for him:" Gassner v. Gassner, 280 Pa. 313. See also Bowser v. Bowser, 82 Pa. 57, and Buckwalter Stove Co. v. Edmonds, 283 Pa. 236. This may be overcome by evidence that is clear, explicit and unequivocal that his money purchased the property and that no gift was intended: Earnest's App., 106 Pa. 310.

There can be no doubt that the property in question was purchased by complainant and paid for by him with his own money. He had money and his wife had none. She had full opportunity to deny his positive testimony, but did not do so. He has successfully carried the first burden placed upon him.

We think respondent in her answer relieved complainant of the burden of overcoming the presumption that the conveyance to her was intended as a gift. She destroyed that presumption by stating and reiterating in the answer that the property was purchased by her with her own money. This was a complete denial that she received the property as a gift from her husband. If it was purchased by her and with her funds, it could not have been purchased by her husband with his money and presented to her. She is concluded by the statements of fact contained in her pleadings and cannot now claim, in contradiction of her answer, that there was a gift. Her averment has the force of a judicial admission and acts as a waiver of any proof on that point: Wigmore on Evidence, sections 1057, 2589. The effect of the answer was to limit the issue to be determined to but one

question: with whose money was the property bought? Since the only issues to be passed upon are those raised by the pleadings (Zook v. P. R. R. Co., 206 Pa. 603), complainant was not required to meet one which had been excluded from the case by the averments of the answer. The chancellor found that this property was bought with complainant's money and put in his wife's name as a matter of business convenience. In view of the uncontradicted testimony, and the admission in the answer, no other conclusion was possible than that there was a resulting trust. It comes with bad grace from respondent, having failed to offer any evidence in support of the only defense she set up, now to complain because the court assumed her answer under oath to be true and decreed accordingly.

Respondent contends that she cannot be declared a trustee of the property for complainant in the absence of an averment in his bill of an agreement on her part to hold the title in trust for him. Aside from the consideration that such an objection, after the filing of a responsive answer, comes too late, the bill clearly contains the substance of such averment. As the court below said in its opinion, it "avers a practice utterly inconsistent with the husband's intent to make a gift of the real estate to his wife. The 'resale and renting of such properties,' necessarily requiring the wife's signature to deeds and leases, implies her understanding of and acquiescence in such a practice; that is, her agreement that her name be used in her husband's business as a mere means of temporary holding and passing on of titles without her acquiring any interest therein; her agreement, in other words, to hold the titles of properties for her husband."

The uncontradicted testimony of the complainant and his witness, Samuel Kassay, together with corroborative proof furnished by his exhibits, easily overcame the responsive answer of the respondent: Smith v. Ewing, 151 Pa. 256. We are satisfied that exact justice has been done in this case.

However, since respondent executed, as mortgagor, two bonds and mortgages upon the property in question, totaling $16,000, the decree of the court below should have made provision for her protection from loss in the event of subsequent default upon these obligations. While complainant, as real owner, is entitled to a conveyance of the title, he must assume all liability attached to the ownership, and relieve respondent of all risk of loss. It is therefore ordered and decreed that complainant, Morris Katz, upon receiving a conveyance of the described premises from the respondent, Esther Katz, execute and deliver to her a bond with sureties to be approved by the Court of Common Pleas of Philadelphia County, indemnifying her against any possible loss by reason of her execution of the aforesaid bonds and mortgages.

The assignments of error are overruled, and, as modified, the decree of the court below is affirmed; costs to be paid by appellant.