Mahjoubian, Appellant, *v.* Mahjoubian et al.

Argued January 9, 1936. Before SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Paul Reilly,* for appellant.

*Charles F. Eggleston,* with him *Martin F. Hatch,* for appellee.

OPINION BY MR. JUSTICE BARNES, April 20, 1936:

Plaintiff seeks an accounting in equity of the income received by her husband, the defendant, from three parcels of land in Philadelphia, legal title to one of which still remains in the plaintiff's name. The Corn Exchange National Bank and Trust Company was joined as a defendant for the purpose of impounding certain assets to which plaintiff claims to be entitled. The proceeding was abandoned as against the trust company; there was no answer filed by it nor was it involved in the issues of the case. The individual parties proceeded to trial on the merits and between themselves.

The case was heard upon bill, answer and proofs. The learned chancellor, after hearing the testimony, found that the properties in question were purchased by defendant with his own money; that he caused title to be conveyed to his wife with no intention of making a gift of the properties to her, and concluded that plaintiff held title to these premises as trustee under a resulting trust for the benefit of the equitable owner, the defendant. He held that plaintiff was not entitled to an accounting from the defendant. Accordingly, a decree nisi was entered dismissing the bill, which, after argument upon plaintiff's exceptions, was made final. Plaintiff has appealed contending that the court below should have decreed that under the evidence the properties were a gift to her, and that she was entitled to the accounting prayed for in the bill.

Plaintiff alleged that she was the owner in her own right of certain premises 246 South Sixtieth Street, 5564 Market Street and 4608 Walnut Street, all situated in the City of Philadelphia; that the defendant has collected the rents from these properties for a number of

years and has not accounted for them. She claimed that she had given to her husband for investment various sums of money with which he had purchased divers pieces of real estate, including the properties in question. Furthermore, she charged that defendant had permitted her properties to be lost to her by sheriff's sales while he was in possession of sufficient of her funds accruing from these properties to pay off the encumbrances and to have saved them. At the hearing she failed to support these allegations by any proofs whatsoever. Her position now is stated as follows: "The appellant makes no pretense that she ever put any money in the real estate belonging to her, nor that she is anything more than a donee of her husband. . . . The appellant is not claiming as a purchaser nor as a contributor of consideration." Her only claim upon this appeal is that a gift was intended of the properties placed in her name.

To prove the facts relating to the acquisition of the properties and the various transfers of title, she called the defendant as on cross-examination. The facts as testified to by him are not disputed and are as follows: (1) Premises 246 South Sixtieth Street: In 1920 this property was purchased by the defendant, and title thereto was taken in plaintiff's name. In 1925 he joined with his wife in conveying the property to a straw man, Nouskajian. This conveyance was made because the wife was not in health. In 1926, Nouskajian conveyed the property at defendant's request to Margaret Mahjoubian, a daughter of the parties. In 1930, when the daughter was about to be married, defendant had her convey the property to her mother, the plaintiff, in whom title still stands. (2) Premises 5564 Market Street: In 1926 defendant foreclosed a third mortgage which he held upon this property and took title by sheriff's deed in the name of his daughter. In 1930 the latter conveyed title to this property to her mother by the same deed as that by which she conveyed the Sixtieth Street property. In 1932 the property was lost by foreclosure

of a prior mortgage. (3) Premises 4608 Walnut Street: In 1926 defendant purchased this property subject to two mortgages. He paid off the second mortgage of $3,500 and then sold the property subject to the existing first mortgage of $6,500, and took back a second mortgage of $5,700 in his own favor. Upon default by the purchaser in 1930, defendant accepted a deed from him, and placed the title in his wife's name in order to prevent a merger of the title with his second mortgage. In 1933 the first mortgage was foreclosed and the property lost.

Throughout all of these transactions defendant paid the taxes on the properties, managed them, and used the income therefrom in his real estate business without accounting to the plaintiff, and without any objection from her. Indeed, defendant retained the deeds in his possession and did not inform the plaintiff whenever title was taken in her name; he denied that he intended to make a gift of the properties to her. During this entire period defendant was actively engaged as a real estate broker in buying and selling properties.

The above facts disclose ample warrant for the findings of the chancellor, which, supported as they are by the evidence, and confirmed by the court in banc, have the effect of a jury's verdict and are binding upon us: *Crick v. Paull,* 287 Pa. 431; *Equitable Life Assurance Society v. Klein,* 315 Pa. 156; *Boyd's Est.,* 315 Pa. 283; *Pusey's Est.,* 321 Pa. 241.

Plaintiff relies, however, upon the well settled rule that when the title to real estate is taken in the name of the purchaser's wife it is presumed to be a gift to her (*Gassner v. Gassner,* 280 Pa. 313; *Katz v. Katz,* 309 Pa. 115; see *Bowser v. Bowser,* 82 Pa. 57; *Neureuter v. Scheller,* 270 Pa. 80; *Buckwalter Stove Co. v. Edmonds,* 283 Pa. 236), and contends that the learned chancellor and the court below erred in holding the evidence sufficient to overcome this presumption. While, as we have said, "a husband who would impress a trust for his use

upon real estate conveyed to his wife has no easy task" *(Katz v. Katz, supra,* at page 120), and must prove by clear, explicit and unequivocal evidence both that his money purchased the property and that no gift was intended *(Earnest's App.,* 106 Pa. 310; *Katz v. Katz,* supra), we think that in the instant case that burden has successfully been borne by defendant. As the court below said: "Taking all of the testimony into consideration, we are of the opinion that the defendant has amply overcome the burden cast upon him, and that, in fact, no gift was ever intended by the defendant in any of his transfers."

It is conceded that the defendant purchased the properties with his own money. And from our examination of the record we are satisfied that the defendant did not intend to give the properties to plaintiff but was merely using his wife's name as a matter of business expediency to hold title to properties which he controlled and managed, and upon which he paid the taxes and mortgage interest. Plaintiff earnestly contends that defendant's testimony that he had title placed in his wife's name "because I didn't want to put all my eggs in one basket" proves an intention on his part to make a gift of the properties to her. This is true, it is claimed, for only by giving her the beneficial ownership therein as well as the legal title could he thereby obtain any benefit, otherwise the conveyance would be in fraud of his creditors. With this contention we are unable to agree. It is a common and proper practice to place title to property in the name of another as a matter of business convenience: *Katz v. Katz,* supra. From the testimony it is clear that only for that purpose was plaintiff given title to the real estate here involved.

The assignments of error are overruled. The decree is affirmed at the cost of appellant.