Werle *v.* Werle, Appellant.

Argued April 18, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*David S. Malis,* with him *Harry Rosenblum,* for appellant.

*James Howard Molloy,* with him *Orr, Hall & Williams,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 30, 1938:

The parties hereto were married in 1918 and separated in July, 1936. Thereafter the wife brought this bill for an accounting. The funds of two bank accounts are involved—a savings account in the wife's name and a checking account in their joint names payable to either. It is conceded that all money prior to the respective deposits belonged to the husband.

The funds in the savings account were, at the instance of the husband, withdrawn by the wife and delivered to him. Nearly all of the funds in the checking account were drawn out by the husband himself. The disposition of both these funds was questioned before the court below, and was not satisfactorily explained. The husband testified there had been an oral understanding that, despite the form of the accounts, the funds were to remain his. The wife denied this. There were no other witnesses, nor were any rights of creditors involved. The chancellor believed the wife and discredited the husband's testimony, decreeing that the savings account was the wife's, and the funds withdrawn therefrom were entrusted to the husband for safekeeping, that the checking account was a tenancy by entireties, and that the wife was entitled to an accounting as to both.

The court below, relying on the documentary evidence and the testimony of the wife, appellee, was amply warranted in finding for her as to both accounts. Facts found by the trial court upon apparently credible evidence must be accorded finality, and the determination of credibility is exclusively for that court. *Pusey's Estate*, 321 Pa. 248; *Weiss v. First National Bank of Scranton*, 321 Pa. 365; *Rotter et al. v. Martin et ux.*, 321 Pa. 552; *Campbell v. Bellevue Borough School District*, 328 Pa. 197, 201-202.

Moreover there is a presumption that a bank account created in the wife's name with the money of the husband constitutes a gift to her and strong evidence is required to rebut it. This rule has been frequently applied to bank accounts: *Qualters' Estate*, 147 Pa. 124; *Klenke's Estate (No. 1)*, 210 Pa. 572; *Crosetti's Estate*, 211 Pa. 490. These cases are simply illustrative of the effect of the general presumption existing in all dealings between husband and wife that real or personal property bought in the name of the wife with the husband's funds, or transferred from husband to wife without consideration, is a gift to her.* The savings account, therefore, presumptively constituted a gift to the wife. The rebuttal, not being clear, convincing and unequivocal, did not dislodge this presumption. As the question of rebuttal was for the court below *(Gassner v. Gassner,* 280 Pa. 313), the cases cited by appellant *(Katz v. Katz,* 309 Pa. 115; *Mahjoubian v. Mahjoubian,* 321 Pa. 354; *Brown v. Nagle,* 118 Pa. Superior Ct. 234) do not apply.

Since the court below found as a fact that the funds withdrawn from her savings account by the wife and delivered to the husband were entrusted to him for safe-

---

* *Bowser v. Bowser,* 82 Pa. 57; *Wilson et al. v. Silkman,* 97 Pa. 509; *Earnest's Appeal,* 106 Pa. 310; *Waslee v. Rossman,* 231 Pa. 219, 228; *Buckley v. Buckley,* 277 Pa. 215; *Loeffler's Estate,* 277 Pa. 317, 324; *Gassner v. Gassner,* 280 Pa. 313; *Buckwalter Stove Co. v. Edmonds,* 283 Pa. 236; *Raub's Estate,* 286 Pa. 575, 577; *Katz v. Katz,* 309 Pa. 115, 120; *Mahjoubian v. Mahjoubian,* 321 Pa. 354, 357; *Brown v. Nagle,* 118 Pa. Superior Ct. 234, 238.

keeping, it is not necessary to add there is a further legal presumption that such funds constituted the res of a trust and not a gift to him. In contrast, the judicial mind presumes that a transfer from wife to husband, without consideration, creates a trust for the wife rather than a gift. The distinction from transfers by husband to wife is well illustrated in *Loeffler's Estate,* 277 Pa. 317, 326, and *Raub's Estate,* 286 Pa. 575, 577. This presumption of trust arises from recognition by the law of the wife's subordination and fidelity, and of the necessity for protecting her against abuse of the relationship by the husband. See *Darlington's Appeal,* 86 Pa. 512; *Hornak v. Hornak,* 309 Pa. 281.

The checking account, made payable to either husband or wife, was properly held to be a tenancy by entireties. That the funds were originally the husband's and that either spouse could withdraw does not alter this conclusion. See *Madden et al. v. Gosztonyi Savings & Trust Co.,* 331 Pa. 476; *Geist et al. v. Robinson,* 332 Pa. 44. The issues of fact relating to the deposit were for the chancellor. See *Bostrom v. National Bank of McKeesport,* 330 Pa. 65.

Appellant, the husband, was unquestionably accountable for the funds entrusted to him from appellee's individual savings account. In considering his accountability as to the deposit by entireties, attention is called to *O'Malley v. O'Malley,* 272 Pa. 528, where the language of *Meyer's Estate (No. 2),* 232 Pa. 95, 96, was explained and limited to its facts. *Berhalter v. Berhalter,* 315 Pa. 225, and *O'Malley v. O'Malley,* supra, are determinative of the question of accounting as to entireties. In the *O'Malley* case the right to an accounting between divorced spouses was sustained. In the *Berhalter* case, upon a threatened separation, the husband was granted an accounting against the wife. At page 228, this Court said: "Where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be exercised in good faith for the mutual benefit

of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto." It is not important that there was here no express agreement as to withdrawals as in that case. The rule that the funds withdrawn must be used for the common benefit of both arises by implication from the nature of the estate by the entireties. See *Madden et al. v. Gosztonyi Savings & Trust Co.*, supra.

Decree affirmed at appellant's cost.