## Holmes v. Holmes

*W. Justin Carter*, for plaintiff.
*Earl J. Melman*, for defendant.

HARGEST, P. J., January 6, 1947.—This is a suit by a husband against his wife for ejectment.

The statement avers that he is entitled, in fee, to the undivided one-half part of the property described; that on January 23, 1943, he and his wife signed and executed an agreement to purchase the property for $3,000, and that he paid $200 cash on the date of the

agreement and agreed to pay $30 per month there-after until the principal sum and interest on unpaid balances was paid; that in April 1943 he was inducted into the Army where he remained until October 13, 1945; that he had made the regular payments stipulated in the agreement before entering the Army, and while in the Army sent to his wife the sum of $125 per month to keep up said payments, but on January 29, 1946, "in order to defraud plaintiff of his undivided one-half interest", his wife secured a deed in fee simple to herself alone; and he therefore brings suit "for the purpose of obtaining his undivided one-half interest".

The præcipe and the writ, however, are for the entire property.

The affidavit of defense raises the questions of law, namely, that the relief sought would change the estate from one in entirety to one in common, which the court cannot do; that the statement of claim does not aver that plaintiff husband is suing to protect or recover his separate property; and that ejectment is not the proper remedy.

A copy of the agreement, which is attached to the statement of claim, provides, in terms, for a conveyance to plaintiff and his wife. This provides for an estate in entireties, because, as held in Stuckey v. Keefe's Executors, 26 Pa. 397, a "Husband and wife . . . are, during coverture, incapable of taking separate estates under a conveyance in lands, either as joint tenants or tenants in common".

As held in Alles v. Lyon, 216 Pa. 604, where "they are subsequently divorced, the divorce does not change the tenancy by entireties into a tenancy in common."

Therefore if the agreement had been carried out and a deed given to both, an estate by entireties would have vested in the husband and wife, not an undivided half interest, but an interest would have vested in each to the whole property. However, the agreement was not carried out and the estate by entireties never vested.

In Gabrielli v. Gabrielli, 31 Dauphin 283, this court, through Judge Fox, said:

"A court has no power to grant a prayer, in a bill in equity, that would change an estate by entireties to an estate as tenants in common."

In the case just cited, the facts averred were something similar to the instant case, in that plaintiff in a suit against his wife charged that there was an agreement to purchase the properties, the title to be taken in the names of both husband and wife, but deeds were delivered in the name of the wife alone, and accepted and recorded by her without the knowledge and consent of the husband. However, the court found that the title was taken by and with the knowledge and consent of the husband, so that while the allegations were similar, the findings of fact make the case very unlike the instant case, because we have not reached any findings of fact.

Moreover, Judge Fox did not consider the proposition now before us, that because of the failure to carry out the agreement of sale the estate by entireties never vested. Also, Judge Fox did not have before him the cases of Berhalter v. Berhalter et al., 315 Pa. 225, and Werle v. Werle, 332 Pa. 49, upon which Judge Woodside based his conclusions hereinafter stated.

If the estate by entireties had vested, we would then be confronted by the legal proposition found in Harris v. Harris, 16 D. & C. 33-34, namely; ". . . While ejectment ordinarily tries title, it is essentially and ultimately a possessory action. . . ."

The effect of the present proceeding in ejectment is to secure possession. If the conveyance to defendant

had vested an estate by entireties in her, then this proceeding would be one to secure possession, but she, as well as her husband, would have had the right to possession.

In Heckman v. Heckman, 215 Pa. 203, it is said:

"A married woman may maintain a bill in equity against her husband for the protection of her separate estate against his fraud or other wrong-doing."

If, then, one spouse cannot sue another in equity for anything less than the separate estate, such spouse could not maintain an action at law in ejectment for such less estate, even though it is settled that equity may be administered in ejectment proceedings.

In Shank v. Shank, 54 Dauphin 255, this court, speaking through Judge Woodside, after reviewing the cases of O'Malley v. O'Malley, 272 Pa. 528; Berhalter v. Berhalter et al., 315 Pa. 225, Meyer's Estate (No. 2), 232 Pa. 95, and Werle v. Werle, 332 Pa. 49, said (pp. 261-262):

"We can summarize our conclusions concerning the law on this matter as follows: At common law a wife could not maintain an action against her husband to obtain an accounting or enforce a property settlement. The Married Women's Act of 1893, P. L. 344, allows a married woman to sue her husband in a proceeding to protect and recover her separate property. Property *being held by an estate* by entireties is not her separate property and she cannot sue for an accounting of it or secure its partition. She and her husband can agree to destroy the estate by entirety and divide the property. When such an agreement is made her share of the property which *was* held by entirety becomes her separate property and she can sue her husband for an accounting of the separate property if the husband withholds her share. Where both husband and wife have the power to withdraw funds or dispose of property held by entireties, the power must be exer-

cised in good faith for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto, and if one spouse does this it amounts to an offer to the other to destroy the estate by entirety and divide the property or fund. Any action by the other spouse to obtain his or her share amounts to an acceptance of the offer to divide and enables said spouse to recover the share to which he or she is entitled by virtue of the 'agreement.' We feel that these conclusions are consistent with all the cases called to our attention."

Our attention has been called to the decision of Judge Milner, of the Court of Common Pleas No. 3 of Philadelphia County, filed November 14, 1946, in the case of Drumm v. Drumm et al., no. 4317, March term, 1946. This decision sustains the right of a plaintiff wife to maintain a bill in equity against her husband and father for an accounting of rents received from real estate owned by plaintiff and her husband as tenants by entireties. The decision was based upon the Act of March 27, 1913, P. L. 14, and the cases of Gasner v. Pierce et al., 286 Pa. 529; Werle v. Werle, supra; Berhalter v. Berhalter et al., supra; Stevens v. Stevens, 22 D. & C. 696, and Krizovenisky v. Krizovenisky et al., 13 D. & C. 608.

If in this case there had been an estate by entireties, then the legal effect of Mrs. Holmes taking the title in her own name, as said by Judge Woodside, may have amounted "to an offer to the other to destroy the estate by entirety and divide the property or fund", and this suit might have indicated "an acceptance of the offer to divide".

In our opinion, so far as the allegations in the instant case are concerned, the rights of plaintiff must be based upon a resulting trust. The Act of June 4,

1901, P. L. 425, 21 PS §§601 and 602, provides in the first section, with certain exceptions, that an action of ejectment may be brought to enforce a resulting trust; and, in the second section, specifically enables a married woman to bring such action against her husband. We interpret this statute to enable either spouse to sue the other in ejectment for separate property and not for property held by entireties.

Apart from the Act of 1901, where there is a resulting trust, the proceeding to establish it is properly in equity.

Notwithstanding the recent decisions of the Supreme Court, which have somewhat liberalized the rights of spouses in estates by entireties, we are of opinion that the estate by entireties in the instant case was not consummated, and therefore plaintiff's rights must be based upon the fact that the wife took the husband's money, and, instead of consummating the estate by entireties, fraudulently applied it to her own use.

We conclude that, under the facts averred in the statement, equity can settle the controversy better than a suit in ejectment, because when equity has full control of the litigation it may enter whatever decree is appropriate, whether the facts make out a resulting trust or the destruction of an estate by entireties.

For these reasons we think that under all the circumstances and the meager averments of plaintiff's statement asking for an undivided interest in the property, and the præcipe and writ demanding the whole property, ejectment is not the proper remedy.

And now, January 6, 1947, the affidavit of defense raising questions of law is sustained, and plaintiff's action in ejectment is dismissed, at the cost of plaintiff, without prejudice to pursue his rights in equity.