Tate, Appellant, *v.* Connor.

Argued October 7, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Marvin D. Weintraub,* with him *Samuel C. Nissenbaum,* for appellant.

*Leslie P. Hill, 2nd,* with him *Hill and Moore,* for appellees.

OPINION BY ERVIN, J., November 12, 1957:

This is an action in equity wherein a father seeks a decree declaring the defendants, his daughter and her ex-husband, to be trustees of the title of real estate conveyed to them but paid for by him.

The father adequately proved and the court below found that the cash portion of the purchase money came from him and that title was placed in the names of the defendants "by the plaintiff at the suggestion of his real estate broker." We feel, however, that the court below fell into error in its determination that the father had failed to rebut the presumption of a gift which arose because of the father-daughter relationship. The case is ruled by *Katz v. Katz*, 309 Pa. 115, 120, 163 A. 214, where the Court said: "A husband who would impress a trust for his use upon real estate conveyed to his wife has no easy task. A double burden rests upon him—to prove the property was purchased with his money, and to overcome the presumption that it was a gift to her. 'When a husband purchases property in the name of his wife, the presumption of a gift to her exists, and not a presumption that she is to hold the property in trust for him:' Gassner v. Gassner, 280 Pa. 313. See also Bowser v. Bowser, 82 Pa. 57, and Buckwalter Stove Co. v. Edmonds, 283 Pa. 236. This may be overcome by evidence that is clear, explicit and unequivocal that his money purchased the property and that no gift was intended: Earnest's App., 106 Pa. 310.

"There can be no doubt that the property in question was purchased by complainant and paid for by him with his own money. He had money and his wife had none. She had full opportunity to deny his positive testimony, but did not do so. He has successfully carried the first burden placed upon him.

"We think respondent in her answer relieved complainant of the burden of overcoming the presumption

that the conveyance to her was intended as a gift. She destroyed that presumption by stating and reiterating in the answer that the property was purchased by her with her own money. This was a complete denial that she received the property as a gift from her husband. If it was purchased by her and with her funds, it could not have been purchased by her husband with his money and presented to her. She is concluded by the statements of fact contained in her pleadings and cannot now claim, in contradiction of her answer, that there was a gift. Her averment has the force of a judicial admission and acts as a waiver of any proof on that point: Wigmore on Evidence, sections 1057, 2589. The effect of the answer was to limit the issue to be determined to but one question: with whose money was the property bought? Since the only issues to be passed upon are those raised by the pleadings (Zook v. P. R. R. Co., 206 Pa. 603), complainant was not required to meet one which had been excluded from the case by the averments of the answer." The case of *Epstein v. Ratkosky et al.*, 283 Pa. 168, 129 A. 53, is not apposite because in that case the presumption of a gift was not destroyed by the pleadings. In that case the daughter's answer is as follows: "10. I further aver that the complainant expressly intended a gift of said property to me; that complainant has at all times recognized me as sole owner of the property; that I have at all times acted in the capacity of sole owner; and that complainant and others have at intervals assisted me in the management of the property as my agent." In the case at bar the defendant's answer is as follows: "Denied. The defendant purchased with his own money premises No. 1131 W. Master Street, Philadelphia, without any contribution from the plaintiff and without employing any money belonging to the plaintiff."

The court below said: "Our present practice permits inconsistent pleadings or defenses under Pa. R. C. P. 1020(c): Martin v. Wilson, 361 Pa. 529. Plaintiff had the burden of rebutting the presumption of gift. The inconsistent pleading of the defendant ex-husband did not relieve him of this burden. The inconsistency must be considered and resolved under the facts as they appear. The Chancellor's Conclusion of Law that the plaintiff has not rebutted the presumption is supported by the evidence." The error in this reasoning is that the defendant did not plead alternatively. We doubt very much that he could have so pleaded in view of the provision of Pa. R. C. P. 1024(b) requiring a verification "that the affiant has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that he has knowledge or information sufficient to form a belief that one of them is true." The defendant said but one thing in his pleading, viz., I paid the purchase money myself. As stated in the *Katz* case, "the effect of the answer was to limit the issue to be determined to but one question: with whose money was the property bought?" The new rules of civil procedure have not changed the law in this respect. The pleadings still define the issues and the father was not obliged to rebut a presumption which had been removed from the case by the pleadings. Having decided the only remaining issue in favor of the father, the court below should have entered a decree in his favor.

Decree reversed and the case is remanded to the court below for the entry of a decree in conformity with this opinion.