## Calanno Estate

154

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Henry E. Skaroff, Rames J. Bucci* and *C. Max Ivins,* for exceptants.

*Joseph Kaplan,* contra.

BOLGER, J., January 17, 1958.—In a careful and thorough adjudication the learned auditing judge dismissed three of five claims all based upon judgment notes allegedly signed by decedent and in two instances also by his alleged widow. The three claimants who were denied recovery have filed exceptions. A claim by Virginia Sue Calanno, as the common law wife of decedent, to take against the will of decedent, was also dismissed and exceptions to that action are likewise now before us.

The rule of law enunciated in Roberts Estate, 350 Pa. 467, 471, is peculiarly applicable in this instance. "Where an auditing judge sees and hears the witnesses, it is for him to determine their credibility and the weight to be given to their testimony because of their character, intelligence and knowledge of the subject, and his findings, like those of a jury, will not be disturbed except for clear error."

The opinion in the cited case points out that where an auditing judge refuses to accept the testimony of a witness, especially when based upon valid reasons, such refusal will be sustained. The learned auditing judge has carefully digested the pertinent testimony and gives most satisfactory reasons for his refusal to allow the claims. This refusal is fundamentally based upon the incredibility of the testimony, growing very largely out of an atmosphere of collusion, which the auditing judge found to exist and also upon the failure of the claimants to buttress their claims with evidence which was available, but which was not produced.

Particularly open to suspicion, according to the auditing judge, was the signature of decedent on the notes as presented. The testimony pertaining to the signature as well as to other phases of the claims of the exceptants came mostly from the lips of the alleged common law wife, Virginia Sue Calanno, who was also a comaker with decedent of the notes presented by Fausto D'Antonio and Titinia Lano, claimants. It also appears that while Virginia Sue Calanno was not a comaker of the note presented by Jerry Furcolo, she testified as to the material facts concerning it. This note is undated and is signed in blank except for the amount, $1,000. Since the auditing judge definitely disbelieved her testimony and since she is also a claimant in the case, the learned auditing judge was eminently justified in attaching suspicion to all three of these claims: Houston Estate, infra. We are satisfied that none of these claims was established with the requisite clarity and precision: Roberts Estate, supra. The element of doubt is such as to sustain the finding of collusion.

Counsel for exceptants sought to rely upon the principle of law that claimants having proved the execution and delivery of the notes, they were not required to go

further and prove consideration, the burden shifting to the estate to prove a lack of consideration. This is a correct exposition of the law (Conrad's Estate, 333 Pa. 561), but it does not apply here because claimants, after presenting their notes, went further and introduced testimony in anticipation of the defense of failure of consideration. This they had a right to do. But in doing so, they relieved the accountant of the burden of proving lack of or failure of consideration: Katz v. Katz, 309 Pa. 115; Tate v. Connor, 184 Pa. Superior Ct. 427. Their evidence failed because the auditing judge found it fabricated. We concur in this conclusion: Murphy Estate, 54 York 65. The suspicion arising from collusion is definitely present because claimant-widow testified in support of these three claims: Houston's Estate, 318 Pa. 300; Murphy Estate, supra. See also Bogdanoff v. Manis, 346 Pa. 243; Reese v. Trasoff, 108 Pa. Superior Ct. 478. Had counsel for decedent's children objected to the competency of Virginia Sue Calanno, who testified in support of her claim as common law wife to take against the will, it is clear that her testimony would have been rejected. In Munson v. Crookston, 219 Pa. 419, 421, a surviving husband was held to be incompetent as a witness to testify to matters occurring in the wife's lifetime. The court stated:

"Under clause (e) of sec. 5 of the evidence Act of May 23, 1887, P. L. 158, no person whose interest shall be adverse to the right of a deceased party shall be a competent witness to any matter occurring before the death of such party. The exception in the same section, 'unless the issue or inquiry be devisavit vel non, or be any other issue or inquiry respecting the property of a deceased owner, and the controversy be between parties respectively claiming such property by devolution on the death of such owner, in which case all persons shall be fully competent witnesses,' does not

apply. The husband here claimed by devolution of law, that is, as tenant by the curtesy, an estate by descent, Cooke v. Doron, 215 Pa. 393, while the plaintiff claimed under the wife's will, that is, by purchase. He therefore stood in her place, and the husband's claim was adverse to her title which the plaintiff represented. Had the plaintiff claimed as heir or next of kin he would have claimed by devolution as the husband did, and both would have been competent witnesses under the exception quoted. But as the case stands, their claims are of different classes, and they are not within the exception of the statute: Rine v. Hall, 187 Pa. 264, 276; King v. Humphreys, 138 Pa. 310; Crothers v. Crothers, 149 Pa. 201; Baldwin v. Stier, 191 Pa. 432; Myers v. Litts, 195 Pa. 595; Shroyer v. Smith, 204 Pa. 310." Judge Gest of this court upheld this rule in Levy's Estate, 307 Pa. 522, 15 D. & C. 719. See also Bowman's Estate, 301 Pa. 337.

There is no need for discussing at length the exceptions filed by Virginia Sue Calanno from the dismissal of her claim as common law wife to take against the will. Her case depends almost completely upon her own testimony. This testimony the learned auditing judge stated he did not believe. We are bound by that finding unless we conclude it was arbitrarily or capriciously made: Pierce v. Pierce, 355 Pa. 175, 181; Kovacevich's Estate, 309 Pa. 268, and cases therein cited. The record does not reveal such error and we, therefore, affirm the finding.

It is admitted that the original association of claimant and decedent was meretricious because claimant at that time had a spouse living. This meretricious relationship is presumed to have continued. To quote from Pierce v. Pierce, supra, page 179: "'. . . it can be converted into a valid legal marriage, after the obstacle to their marriage is removed, only by the consent of

both parties, established by clear and convincing evidence.' " Proof of cohabitation after removal of the obstacle is insufficient. The auditing judge was not satisfied nor are we that claimant established by clear and convincing proof a common law marriage subsequent to the removal of the obstacle to an earlier union of claimant and decedent.

For the foregoing reasons all the exceptions are dismissed and the adjudication is confirmed absolutely.