# Buckley *v.* Buckley.

*Husband and wife—Deed to wife—Gift—Presumption—Possession—Sheriff's sale—Res judicata.*

1. Where a husband makes a deed of land to his wife the presumption is that it is a gift.

2. Where such land is sold at sheriff's sale under a judgment confessed by the wife and the husband setting up fraud and lack of consideration attempted to have the sale set aside and fails he cannot thereafter allege the same grounds as a reason for refusing to deliver possession of the premises to the sheriff's vendee.

Argued March 20, 1923.    Appeal, No. 269, Jan. T., 1923, by Timothy J. Buckley, defendant's husband, from judgment of C. P. No. 1, Phila. Co., March T., 1922, No. 8232, on the whole record, in case of Adelaide J. Buckley v. Rose E. Buckley.    Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Petition for writ of possession under Act of April 20, 1905, P. L. 239.    Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Judgment for petitioner on whole record. Timothy J. Buckley, defendant's husband, appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Bryan A. Hermes,* with him *Joseph A. Robbins,* for appellant.

*Michael D. Hayes,* for appellee.

PER CURIAM, April 9, 1923:

In 1919, the appellant, Timothy J. Buckley, bought the property known as No. 1924 West Passyunk Avenue, Philadelphia, and had the title taken in the name of his sister, Catherine E. Buckley.  Thereafter, the sister, at appellant's request, conveyed the property to his wife, Rose E. Buckley.  It was then encumbered for over three thousand dollars, which was increased by a five hundred dollar judgment entered on a note given by Mrs. Buckley to their daughter, Adelaide J. Buckley, and the property was sold by the sheriff upon an execution issued on this judgment.   Buckley paid about eight hundred dollars upon the property, but there was no agreement that his sister or his wife took the title in trust for him; however, he made an attempt to have the sheriff's sale set aside on a claim of ownership and that the five hundred-dollar judgment was without consideration and fraudulent as to him, which was denied by the wife and daughter and, not being sustained by any proof, his attempt failed.  The sheriff's deed having been duly acknowledged, the assignee of his vendee presented a petition for a writ of possession, as provided by the Act of April 20, 1905, P. L. 239, to which appellant, being temporarily in possession, filed an answer.  Thereupon petitioner entered a rule for judgment on the whole record, as provided in section

8 of the act, which was made absolute and Buckley has appealed.

The presumption, not here rebutted, is that the conveyance to the wife was a gift from her husband (Earnest's App., 106 Pa. 310, 318; Underwood v. Warner, 4 Phila. 6, opinion by Judge SHARSWOOD) and, hence, the sheriff's sale on the judgment against her vested the title in the purchaser. Appellant had no interest in the land and it was not necessary to bring him in as a party. To have set aside the sheriff's sale on appellant's application, and for the entirely insufficient reasons given, would have been an abuse of discretion, while no facts are averred in his answer sufficient to defeat the writ of possession or to justify awarding an issue. See Storey v. Lonabaugh, 247 Pa. 331. The answer avers practically the same matters as those in Buckley's application to set aside the sheriff's sale; in each he claims the property as his own, or as held in trust for him, but gives no facts justifying such conclusion, while his own testimony was to the contrary, and, when the lower court properly refused to set aside the sheriff's sale, nothing remained to give appellant even a plausible excuse for retaining possession. See First National Bank of Wrightsville v. Dissinger, 266 Pa. 349.

The judgment is affirmed.