# Raub's Estate.

*Husband and wife—Transfer of stock to wife—Gift—Presumption—Rebuttal of presumption—Taxation—Inheritance tax.*

1. Where a husband transfers stock to his wife, and the wife transfers the certificate issued to her to her husband, and delivers it to him without consideration, a presumption arises that he held the stock in trust for her.

2. Such presumption, however, is rebutted, if it appears that the husband, on the delivery of the stock to him, placed it in his safe without having it transferred to his own name, and subsequently collected and retained the dividends thereon, until his wife's death, and that the wife made frequent declarations that the stock was not hers but her husband's, and in such case it is immaterial that the wife in her will bequeathed the stock to her husband.

3. No inheritance tax can be imposed upon the stock as a part of the estate of the wife.

Argued May 10, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 91, Jan. T., 1926, by Commonwealth, from decree of O. C. Lancaster Co., Oct. T., 1924, No. 19, reducing appraisement for inheritance tax, in Estate of Isabella H. Raub. Affirmed.

Appeal from tax assessment.  Before SMITH, P. J.
The opinion of the Supreme Court states the facts.

Appeal sustained and appraisement reduced.  Commonwealth appealed.

*Error assigned* was, inter alia, decree, quoting it.

*M. E. Musser,* with him *Philip S. Moyer,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellant.—Appellant contends that Isabella H. Raub did not intend to transfer the stock in question to her husband, Amos K. Raub, nor did she actually transfer said stock to her husband.  If, however, what she did may be construed as a transfer by her to her husband, then, in the absence of any consideration passing, it can only be considered as a transfer in trust for her use: Loeffler's Est., 277 Pa. 317; Wormley's Est., 137 Pa. 101; Darlington's App., 86 Pa. 512; Turner's Est., 244 Pa. 568.

*Charles G. Baker,* for appellee, was not heard.

OPINION BY MR. JUSTICE FRAZER, June 26, 1926:

Isabella H. Raub died September 9, 1924.  Included in the appraisement of her estate for the purpose of determining the inheritance tax under provisions of the Act of June 20, 1919, P. L. 521, as amended by the Act of May 4, 1921, P. L. 341, were 79 1/3 shares of the capital stock of the Brunswick Hotel Corporation, and 10316 shares of the capital stock of the Raub Supply Company, all of which were registered in her name on the books of the respective corporation.  The total appraised value of these shares was $610,228.  An appeal was taken from this assessment to the orphans' court, which court found the stock in controversy was not the property of decedent, and reduced the appraisement accordingly.  The Commonwealth appealed.

Decedent's husband, Amos K. Raub, was a stockholder and the president of the Raub Supply Company, and also interested in the Brunswick Hotel Corporation, both corporations having their principal place of business in the City of Lancaster. The stock of the latter corporation was originally issued to Raub, and in 1922 he transferred 70 shares to his wife. The additional 9 1/3 shares represented a stock dividend, subsequently declared on the 70 shares. The stock of the Raub Supply Company was originally issued to Amos K. Raub, and at various times between February 13, 1922, and March 1, 1924, blocks of his stock in this company were, at his request, transferred on the books of the corporation to the name of his wife, and so remained until her death. At the time of each transfer of the original shares to his wife, Raub took the certificate issued to her, procured her signature to the blank transfer power of attorney on the back, and placed the certificate in his private safe, to which his wife did not have access, where it remained until her death. On numerous occasions, upon payment made on account of dividends in both companies, on stock standing in her name, the checks were in each instance deposited to the account of her husband.

We find nothing in the record indicating a reason for the transfer of the shares from the husband to his wife, and immediate retransfer to him, by signing the power of attorney and delivery of the certificates. Although the original transfer of the stock from him to her would, in absence of evidence, raise a presumption of an intended gift, and the transfer from the wife to her husband without consideration, because of confidential relationship, and in absence of evidence, raised a presumption he held in trust for her (Loeffler's Est., 277 Pa. 317, 324), yet both these presumptions are rebutted by the fact that the wife immediately executed the blank transfer power of attorney printed on the reverse side of the certificates and redelivered them to her husband,

accompanied by declarations plainly showing she had not acquired a beneficial ownership in the shares. The undisputed testimony of members of the family is to the effect she repeatedly declared the property was not hers, that she did not consider herself its owner, that she had no interest in it, and derived no benefit from the certificates standing in her name, but that the stock belonged to her husband, and, when it was suggested to her that she make a will, stated, "Why should I make a will, I have nothing to leave." This evidence, together with other circumstances of delivery and possession of the certificates by the husband, and payment to him of the dividends declared on the shares, fully supports the conclusion of the court below that the stock in both companies was not a part of the wife's estate within the principles applied by this court in McDermott's App., 106 Pa. 358; Gracie's Est., 158 Pa. 521; Loeffler's Est., supra, and Connell's Est., 282 Pa. 555. Though the clause in decedent's will, in which she bequeathed to her husband the stock in question, tends to support the claim of her belief that it belonged to her, yet, in view of the other circumstances referred to, she more likely was under the impression such action on her part was necessary to pass to her husband a good title to stock standing in her name on the books of the corporations named, which in fact belonged to the husband, and which she at no time claimed as her property.

The decree of the court below is affirmed at the cost of appellant.