Mannoni, Appellant, *v.* Mannoni.

Argued April 23, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*B. A. Sciotto,* for appellant.

*Frank P. Barnhart,* of *Barnhart & Adams,* for appellee.

PER CURIAM, June 30, 1941:

On June 29, 1936, Frank Mannoni, representing himself to be a widower, obtained from the Clerk of the Circuit Court for Allegany County, Maryland, a license authorizing his marriage to Maggie Genovese, a widow; and on the same day they were married at Cumberland,

Maryland, by A. K. Flora, a minister of the Church of God, and return of the marriage was duly made to, and entered on the records of, that Court. After the marriage the parties lived together and cohabited as husband and wife.

The said Frank Mannoni was the holder of a purchase money mortgage for $1650, given him by Lizzie Lobue, upon certain real estate in the Eleventh Ward of the City of Johnstown, Pennsylvania, duly recorded March 11, 1935 in the office of the Recorder of Deeds of Cambria County in Mortgage Book 164, p. 216.

On September 12, 1936, Frank Mannoni executed an assignment of this mortgage, under seal, to his wife, Maggie Mannoni, and delivered it to her, together with the mortgage. The assignment was duly recorded on August 23, 1937 in the office of the Recorder of Deeds in Mortgage Book 186, p. 443. This constituted a valid irrevocable gift of the mortgage to her: *Henderson v. Hughes,* 320 Pa. 124, 182 A. 392; *Pyewell's Estate,* 334 Pa. 154, 5 A. 2d 123; *Ries v. Ries' Est.,* 322 Pa. 211, 185 A. 288.

Some time in September 1939 Frank Mannoni brought a proceeding in the Court of Common Pleas of Cambria County, Pennsylvania, to No. 300 December Term 1939, for the annulment of said marriage on the ground that when it was solemnized he had a wife living in Italy, from whom he had not been divorced. Prior to the Divorce Code of May 2, 1929, P. L. 1237, nobody could bring suit for the *annulment* of a marriage on that ground except the 'innocent or injured party.' See Report of Commissioners on Drafting Code, p. 12; Act of April 14, 1859, P. L. 647, and its amendment of March 29, 1927, P. L. 71. He was not the innocent or injured party. On October 14, 1939, a decree was entered annulling the marriage; and on October 30, 1939 he filed his petition in this proceeding asking for the cancellation of the assignment of the mortgage, which the court

below on October 14, 1940, after answer filed by the respondent and hearing in open court, dismissed at the petitioner's costs. He appealed to this court. The decree will be affirmed.

A valid executed gift by a husband to his wife will not be disturbed or rendered invalid by the subsequent annulment of the marriage, obtained by him on the ground that he had a lawful wife living, from whom he had not been divorced, when the marriage ceremony was performed. Appellant was fully aware of his inability to contract a valid marriage as long as his legal wife was living in Italy and he was not divorced from her. He procured a marriage license for his wedding to respondent by swearing falsely as to his being a widower. These unlawful acts on his part leave him in no position to ask a court to set aside a gift made by him to one whom he had nevertheless married and had lived with as her husband: *Reynolds v. Boland,* 202 Pa. 642, 648, 52 A. 19; *Orne v. Kittanning Coal Co.,* 114 Pa. 172, 182, 6 A. 358; *Greenfield's Est.,* 14 Pa. 489. No rights of appellant's creditors were involved: *Buckwalter Stove Co. v. Edmonds,* 283 Pa. 236, 239, 128 A. 835. The respondent had been guilty of no fraud or false swearing.

His efforts to prove on the hearing — by way of afterthought, for his petition as filed contained no such averment — that the mortgage had been assigned to respondent on the condition that she would have her separate real estate conveyed to the two of them as tenants by entireties, was not supported by any substantial, credible evidence; nor was any proof produced by him sufficient to rebut the presumption that the assignment to her was a gift: *Loeffler's Est.,* 277 Pa. 317, 324, 121 A. 186; *Buckley v. Buckley,* 277 Pa. 215, 217, 120 A. 926.

Decree affirmed at the costs of appellant.