Taylor et al. *v.* Rounds et al., Appellants.

Argued March 21, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Frank B. Quinn,* of *English, Quinn, Leemhuis & Tayntor,* for appellants.

*Wm. B. Washabaugh, Jr.,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, April 10, 1944:

This is an appeal from the granting of a new trial because of the inadequacy of the verdict for $100 for the husband-plaintiff. Mrs. Taylor was a passenger in a car driven by Samuel E. Sweet, which came into violent collision with defendant's motor bus at a street intersection in Erie. The case was clearly one for the jury, as we decided in the opinion this day filed in the case of Sweet v. Rounds, 349 Pa. 152. The decision in that case controls this case for the attorneys for the defendants filed a stipulation that if this court decided that "the evidence was sufficient to justify submitting" to the jury

the question of defendants' negligence, "the lower court was correct in awarding a new trial" because of the inadequacy of the verdict in favor of the husband-plaintiff.

Since the actions of both husband and wife "shall be redressed in only one suit brought in the names of the husband and the wife" (Sect. 1 of the Act of May 8, 1895, P. L. 54, 12 P.S. 1621, and Rule 2228(a) of the Supreme Court Rules of Civil Procedure), and since this act is mandatory (*Donoghue v. Consolidated Traction Company*, 201 Pa. 181, 50 A. 952), it follows that a new trial must also be granted as to Mrs. Taylor's claim.

The order awarding a new trial is affirmed.