Dean Estate.

Argued October 4, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*H. C. Brandt,* Special Deputy Attorney General, with him *Robert M. Mountenay,* Assistant Deputy Attorney General, *Randolph C. Ryder,* Deputy Attorney General, *George W. Keitel,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant.

402

*Paul C. Ruffennach,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 14, 1949:

This appeal is from a decree of the Orphans' Court of Allegheny County sustaining an appeal from the appraisement of the property of Anna T. Dean, deceased, for transfer inheritance tax purposes, under the Act of June 20, 1919, P. L. 521, as amended, 72 PS 2301 et seq.

The appraisement included four savings accounts standing in decedent's name, totaling $33,606.94, which were claimed by decedent's son and executor, John J. Dean, as his own personal property. John J. Dean took an appeal to the court below, as provided by Section 13 of the Act of 1919, supra, 72 PS 2327, and by stipulation of counsel hearing on the appeal was consolidated with the hearing on exceptions filed by Florence M. Dean, one of decedent's six surviving adult children and sister of John J. Dean, contesting his claim to the four savings accounts, upon the audit of the first and final executor's account. The auditing judge, after hearing, found that the savings accounts were not the property of decedent, but belonged to John J. Dean, as he claimed, and directed distribution accordingly. A decree was also entered, in accordance with the stipulation of counsel, sustaining the appeal from the transfer inheritance tax appraisement and directing that the savings accounts be excluded. Both the Commonwealth and Florence M. Dean filed exceptions which were dismissed after argument before the court *en banc,* and this appeal by the Commonwealth followed. Florence M. Dean has not appealed.

The Commonwealth does not contend that the findings of the court below are unsupported by evidence, or that they do not warrant the decree entered. It urges, however, that the evidence to sustain John J. Dean's claim that the savings accounts were his, and not dece-

dent's, failed to measure up to the standard of proof required to overcome the presumption that decedent was owner of the accounts, arising from the fact that they stood in her name at the time of her death.

Addie Sullivan, sister of decedent, and Charles F. Dean, Byron L. Dean, Loretta I. Maurer, and Helen D. Lea, children of decedent and brothers and sisters of claimant, each of whom would have received a distributive share of $6,600 if the claim were defeated, testified to numerous declarations by decedent that the accounts in question belonged to claimant and that she had no interest in them. According to their testimony, it was common knowledge within the family that the deposits in these accounts represented earnings of claimant which he turned over to decedent, at her insistence, and permitted to be deposited in her name for safekeeping only, because she considered him to be improvident. The evidence further discloses that following the death of decedent, claimant's brothers and sisters, except Florence M. Dean, executed a written statement, which was admitted into evidence without objection, acknowledging that the accounts were the property of claimant and disclaiming any interest therein. Florence M. Dean, the only witness called to contradict this evidence, testified merely that decedent had never made any statements to her regarding the accounts. Considering the undisputed testimony of the other members of the family, together with an examination of the records of the accounts and other evidence in the case, including the evidence as to the respective incomes of claimant and decedent during the period in question and claimant's access to and authority over the accounts during the lifetime of decedent, we are not convinced that the court below erred in its conclusion that there was sufficient evidence to overcome the presumption that the property was part of decedent's estate subject to the transfer inheritance tax.

In *Raub's Estate*, 286 Pa. 575, 134 A. 451, the appraisement of decedent's estate included $610,228 of stock registered in her name at the time of her death. There was undisputed testimony by members of the family to the effect that decedent repeatedly declared the stock was not hers; that she did not consider herself its owner; that she had no interest in it, and derived no benefits from the certificates standing in her name, but that the stock belonged to her husband, and, when it was suggested to her that she make a will, stated, "Why should I make a will, I have nothing to leave." This evidence, together with other circumstances of delivery and possession of the certificates by the husband, and evidence that on numerous occasions dividends were deposited in his bank account, was held sufficient to rebut the presumption that it was part of decedent's estate, although she specifically bequeathed it to her husband by her will. Here, in addition to the undisputed testimony of the members of the family, against their own interest, the evidence discloses that decedent made no mention of the accounts in her will and made no provision therein for claimant, who resided with her and was her principal source of support from the death of her husband in 1914 until her death on May 17, 1945, giving as her reason that claimant was owner of the disputed accounts and because of this had requested that he be excluded from participating in her modest estate.

Relying on *Baldi v. Metropolitan Ins. Co.*, 18 Pa. Superior Ct. 599, the Commonwealth also contends that the court below erred in refusing to consider statements in a letter written to Florence M. Dean by her sister Helen D. Lea, who was a subscriber to the written disclaimer acknowledging that the accounts belonged to claimant but who did not testify at the hearing, for the purpose of impeaching the credibility of the disclaimer. In the case cited it was held merely that it was

within the sound discretion of the trial court to allow evidence of prior inconsistent statements to contradict an offer of proof which was read into evidence in accordance with a rule of court, although there was no opportunity for explanation and denial because of the lack of availability of the witness. Here, the letter in question was on its face a reply to a telegram sent to the writer by Florence M. Dean and the telegram was not produced or offered in evidence. The statements contained in the letter are meaningless in the absence of evidence of the contents of the communication to which they refer, and the letter was therefore properly excluded.

Decree affirmed at appellant's cost.