## Pittsburgh Parking Garages, Inc., Appellant, *v.* Urban Redevelopment Authority of Pittsburgh.

Argued March 31, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*J. Wray Connolly*, with him *Moorhead & Knox*, and *Davis C. Burroughs, Jr.*, for appellants.

*Carl E. Glock*, with him *Frank W. Ittel, David McN. Olds, Reed, Smith, Shaw & McClay, Theodore L. Hazlett, Jr., Paul G. Perry* and *Burgwin, Churchill, Ruffin & Hazlett*, for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 29, 1952:

The question here involved is whether parties plaintiff may voluntarily join in a complaint on appeal to the court of common pleas from a report of the board of viewers which made separate awards. The Court of Common Pleas of Allegheny County entered an order sustaining preliminary objections to their complaint.

Pittsburgh Parking Garages, Inc., and Triangle Land Company, the two plaintiffs who sought to join, and appellants here, were the respective owners in fee of two adjoining parcels of land on which there was erected a concrete indoor parking garage operated by Pittsburgh Parking Garages, Inc. This corporation occupied the land owned by Triangle Land Company

under a 99-year lease, 22 years of which had expired at the time of the taking by the defendant-appellee, Urban Redevelopment Authority of Pittsburgh. The two condemned properties differed in area, height of improvements thereon and in the number of means of street access thereto, and the board of viewers made separate awards in different amounts.

Appellants contend that Pennsylvania Rule of Civil Procedure §2229 (a) relating to permissive joinder entitled them to join. Such rule reads: "Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *if any common question of law or fact affecting the rights to relief of all such persons will arise in the action.*" (Emphasis supplied). The plaintiffs in this case have failed to show any common question of law or fact and thus have not met the requirement of the italicized portion of the rule. The only issue of fact is apparently one of damages which is a common issue in many cases but not the type of factual issue which of itself entitles plaintiffs to join voluntarily. Since one property is encumbered by a lease and the other is not, it is more probable that *different* rather than *common* questions of law will arise.

The procedural rules were not intended to change the substantive rights of the parties: Act of June 21, 1937, P. L. 1982, 17 PS §61, as amended. A joinder in this instance would have the practical effect of allowing the jury to consider both properties as one and thus increase the value of each. By a joint appeal each property owner enlarges its substantive rights by building values into its separate property based on a common ownership which does not exist. Appellants argue that if they were permitted to join, the purpose

of the rule, viz. to expedite a convenient determination of the actions, would result. In our opinion, however, a joinder would complicate the action and possibly confuse the jury in ascertaining the amounts respectively due the two parties, especially since Pittsburgh Parking Garages, Inc., is owner of one property and tenant of the other.

Joinder of the two separate property owners as co-plaintiffs in one proceeding would violate a sound and established principle of law of eminent domain that each separately owned property must be separately valued on appeal from a viewers' award. We find no Pennsylvania decision prior to or since the adoption of the procedural rule relied upon by appellants, that departs from the above stated principle, and we think we would perform a disservice to the procedural rules if we permitted matters to be joined together that essentially require separate consideration.

The record shows that on August 21, 1951 the lower court entered an order allowing the appeals of Pittsburgh Parking Garages, Inc., and Triangle Land Company. On December 13, 1951 the court below entered the order from which appellants here appeal. The order of December 13, 1951 is here affirmed without prejudice to the appellants to file separate complaints and pursue their appeals allowed by the former order of August 21, 1951. Costs to be paid by appellants.

Order affirmed without prejudice. Costs to be paid by appellants.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Instead of complicating the issue, I believe that the joinder of the plaintiffs in this case would considerably simplify the attainment of an intelligent and reasonable solution of the issue, since the claims of the Pittsburgh Parking Garages, Inc., and Triangle Land Com-

pany arise out of the same factual happening. The Pittsburgh Parking Garage is located on two different parcels of land, but it is one economic unit. The condemnation and the taking of the garage arise out of the same occurrence.

Ronald A. Anderson of the Philadelphia Bar, in his authoritative work on Pennsylvania Civil Practice, Vol. 4, page 323, well expresses the benefits to be derived and the dangers which will be avoided by a joinder of this character: "Underlying the rule permitting the plaintiffs to join in a single action is the object of furthering procedural convenience by a single trial, not only in order to eliminate the burden and expense of multiple trials but also to avoid the possibility of contradictory verdicts returned by different juries. Since the joinder is predicated upon the pragmatic concept of administrative convenience, the limitations are also found in terms of convenience."

I would reverse.