## Freeman et al. v. Thomas

Before Valentine, P. J., Lewis and Pinola, JJ.

*Collins & Collins*, for plaintiffs.

*Coughlin & Hughes*, for defendant.

PINOLA, J., February 26, 1953.—Dewey J. Freeman and Catherine Freeman, his wife, residents of Chicago, and Jesse H. Freeman, resident of South Bend, Ind., brought an action in trespass on March 25, 1952, against Reuben D. Thomas, a resident of Wilkes-Barre, as the result of an accident which occurred on June 17, 1951, near Towanda, in Bradford County, Pa.

Defendant, Reuben D. Thomas, filed an answer June 5, 1952, and a counterclaim for property damages and medical expenses as the result of injury to his wife, Lenora Thomas, and the loss of her society, etc.

A severance of the suit of Catherine Freeman was granted and then Lenora Thomas, wife of defendant, obtained a rule to show cause why she should not be

permitted to intervene as a party and file her claim in conjunction with her husband's counterclaim. It was discharged because petitioner had failed to attach to her petition the pleading she would file if allowed to intervene.

Her second petition, now before us, contains the required pleading and she asks that the previous order of court be vacated and that she be permitted to intervene.

Plaintiffs resist on the ground that she does not come within the purview of Pa. R. C. P. 2327, which sets forth who may intervene. Under that rule, intervention may be permitted if:

"(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

"(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

"(3) such person could have joined as an original party in the action or could have been joined therein; or

"(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

Petitioner insists, and we believe rightly, that Pa. R. C. P. 2327 must be read in connection with two other rules, Pa. R. C. P. 2228(a), which provides:

"If an injury, not resulting in death, is inflicted upon the person of a wife, and causes of action therefor accrue to the wife and also to her husband, they shall be enforced in one action brought by the husband and the wife."

And, Pa. R. C. P. 2232(a), which reads:

"The cause of action of a person required to join in an action as a party plaintiff by Rule 2228 shall be

barred by failing to join therein if the defendant has given such person such notice of the pendency of the action as the court by general rule or special order shall direct."

Under the Act of May 8, 1895, P. L. 54, 12 PS §1621, now suspended, it was mandatory that actions of husband and wife be redressed in one suit. Under the above rules, she is barred if she does not join when notified: Taylor et al. v. Rounds et al., 349 Pa. 157.

If her husband had won the race to court and been the first to sue, there is no doubt that she could be compelled to join. Since the others reached our court first, we believe she is entitled to become a party so as to present her claim. If her petition is denied, she will either have to go to Bradford County, or to Indiana, or to Illinois, to sue plaintiffs. We believe that since plaintiffs chose this forum, they cannot complain if they are required to defend the wife's claim in this court.

The object of the procedural rules is to achieve a just and speedy administration of justice. Under Pa. R. C. P. 2232 (c) :

"At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action. . . ."

We are aware that the court denied intervention in Coleman et ux. v. Gilpin, 39 D. & C. 561. There, however, petitioner merely stated that her husband was contemplating the filing of a counterclaim. But in Falsey et ux. v. Park, 20 D. & C. 346, intervention was allowed.

Plaintiffs urge that intervention should be denied because petitioner has "unduly delayed" her request. It appears that her first petition was filed on November 5, 1952. We note that one of the plaintiffs, by stipulation, amended his complaint only a short time before, to wit, on October 9, 1952. We note also that plaintiffs asked for and obtained additional time within which

to make reply to the answer and counterclaim. Under the circumstances, they can hardly object with good grace for the given reason. Furthermore, plaintiffs will not, so far as we can see, be embarrassed or prejudiced in any way.

Accordingly, we enter the following

*Order*

Now, February 26, 1953, the order of court entered January 8, 1953, is vacated, and the rule granted January 12, 1953, to show cause why Lenora Thomas should not be allowed to intervene as a party and file a claim in conjunction with the counterclaim filed by her husband, Reuben D. Thomas, is made absolute.