## Rifkin Estate

*Sanford S. Marateck* and *Myron M. Moskowitz,* for appellant.

*M. Luther Harter, Jr., for Commonwealth.*

FORTNEY, P. J., November 5, 1953.—This is an appeal by the executrix of a decedent's estate from the appraisement thereof for Pennsylvania transfer inheritance tax. The basis of the appeal is that the register of wills, in assessing the tax, included certain property which the estate claims was nontaxable. The facts are not in dispute, and are as follows:

Abraham Rifkin died testate July 7, 1952, leaving to survive him a wife and three children. In his will he named his wife, Flora Rifkin, executrix, and letters testamentary were issued to her. The executrix, on September 11, 1952, filed with the register of wills an inventory and appraisement of all the assets, real and personal, in the estate of her deceased husband. This appraisement shows a gross taxable estate of $29,-173.86. The net estate, after deductions of debts, was $20,416.14, upon which she paid $387.90 transfer inheritance tax.

In the inventory and appraisement thus filed there is listed:

"Business conducted by Abraham Rifkin and Flora Rifkin, known as Anthracite Shirt Company . . . Total valuation, $185,170.40. Nontaxable."

This item was not included by the executrix in the gross estate of decedent. The register of wills included one half the value of the gross estate, and assessed taxes accordingly. The additional tax was paid by the estate under protest. The estate claims this item in its entirety was nontaxable.

It is stipulated by counsel that beginning February 15, 1943, Abraham Rifkin and his wife, Flora, entered into a partnership, and thereafter, until the death of Abraham Rifkin, they traded and conducted the business of this property in Pennsylvania under the name Anthracite Shirt Company. The name was duly registered in compliance with the Fictitious Names Act of this Commonwealth and this registration showed the sole owners were Abraham Rifkin and Flora Rifkin. It is further stipulated that each party made a capital contribution of one half the assets of the business, each had an equal voice in the management, each sharing equally in the profits and that partnership returns were filed for Federal income tax purposes.

The issue before the court is whether, on the death of a husband, his interest in a business owned and operated solely by him and his wife, as a partnership, is subject to transfer inheritance tax.

Appellant points to the Act of May 16, 1929, P. L. 1795, as last amended May 11, 1949, P. L. 1083, 72 PS §2301, which provides:

"(e) Whenever any property, real or personal, is held in the joint names of two or more persons, except as husband and wife, . . . so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a transfer taxable under the provisions of this act, of a fractional portion of such property, to be determined by dividing the value of the whole property by the number of joint

tenants in existence immediately preceding the death of the deceased joint tenant."

She contends she comes within the exception in this act; viz., the property here in question is held presumably, at least, if not actually, by husband and wife and therefore it is immaterial whether they held the property as partners or not. It is true that where property is held in the name of husband and wife the presumption is they held it by entireties and not as ordinary joint tenants or tenants in common. It may exist in personal as well as real property: Blumner v. Metropolitan Life Insurance Company et al., 362 Pa. 7, 11. This presumption may be overcome by the intention of the parties (Dean Estate, 363 Pa. 401), and where an intention to create an estate other than by entireties appears, such an intention will be given effect. Heatter v. Lucas, 367 Pa. 296, 299. In the case before us there is not only no such indication of intent but the record negatives the actuality. The husband and wife formed a partnership, which is an association of two or more persons to carry on as copartners a business for profit. An indispensable requisite of a partnership is coownership of the business: Borden v. Ellis, 158 Pa. Superior Co. 259. That a husband and wife may conduct a business as a partnership and that the law recognizes a distinction exists between property held by entireties and that of a husband and wife conducted as a partnership, is beyond dispute: Northampton Brewery Corp. v. Lande, 138 Pa. Superior Ct. 235, 238.

The agreement of Abraham Rifkin and Flora Rifkin to conduct their business as a partnership, brought about a real change in the economic relation of husband and wife to the property in question. No unity of title ever existed in this property: Walker's Estate, 340 Pa. 13. All property originally brought into the partnership or subsequently acquired on account of the partnership is partnership property. The death of

Abraham Rifkin, one of the partners, dissolved the partnership: Uniform Partnership Act of March 26, 1915, P. L. 18, sec. 31. When dissolution is caused in any way, except in contravention of the partnership agreement, all members are entitled to a part of the surplus of the assets over the amount necessary to pay creditors of the firm: Moffet v. Pierce, 344 Pa. 16, 23. It is said, also, in Luick v. Luick et al., 164 Pa. Superior Ct. et al., 378, 380: ". . . a partner's interest in the partnership is his share of the profits and surplus".

Appellant finally contends that for inheritance tax purposes the relationship of tenants by the entireties exists even though it is a partnership. It would be contrary to sound public policy to permit a husband and wife, who conduct a business as a partnership and hold property as partners, to say they hold such property as a copartnership or as husband and wife, as the exigencies or purpose of their joint enterprise may, from time to time, require.