Liebendofer, Appellant, v. Wilson.

Argued April 15, 1954.   Before HIRT, ROSS, GUN-
THER, WRIGHT, WOODSIDE and ERVIN, JJ.

H. N. *Rosenberg* and *Carl W. Brueck*, with them *Rosenberg & Rosenberg*, for appellants.

*Kim Darragh*, with him *George Y. Meyer*, for appellee.

OPINION BY ERVIN, J., July 13, 1954:

Ruth Liebendofer entered suit against George W. Wilson in the County Court of Allegheny County for damages caused to her automobile. Her car was being driven by her husband, Harry G. Liebendofer, on his own business. The husband was joined as an additional defendant in this suit. Subsequently, George W. Wilson entered suit against Harry G. Liebendofer in the Court of Common Pleas of Allegheny County for damages caused to his automobile and for personal injuries suffered in the accident. The suit of Ruth Liebendofer was removed to the Court of Common Pleas. Both cases were tried together. After all the testimony was presented and after the closing speeches of the attorneys had been given, the learned judge granted Wilson's motion for a compulsory nonsuit against

Ruth Liebendofer because the lower court thought that Harry G. Liebendofer was a part owner of the Liebendofer automobile and therefore should have been joined as a party plaintiff. The case of George W. Wilson v. Harry G. Liebendofer was given to the jury and a verdict returned in favor of George W. Wilson in the sum of $1,500.00. Motions for judgment non obstante veredicto and new trial were refused by the lower court and these appeals followed.

The entry of the nonsuit in the case of Ruth Liebendofer v. George W. Wilson was clearly in error. A nonsuit may not be entered after the defendant has introduced evidence. *Jordan v. Sun Life Assurance Co. of Canada,* 366 Pa. 495, 77 A. 2d 631. While it is true that the appellate courts of this Commonwealth have determined that the certificate of title is not a muniment of title (see *Braham & Co. v. Steinard-Hannon Motor Co. et al.,* 97 Pa. Superior Ct. 19), it nevertheless has been held that a certificate of title is an indicium of ownership. *Majors v. Majors,* 349 Pa. 334, 338, 37 A. 2d 528; *Speck Cadillac-Olds v. Goodman,* 373 Pa. 83, 88, 95 A. 2d 191, 193; *Rice St. Motors v. Smith et al.,* 167 Pa. Superior Ct. 159, 162, 74 A. 2d 535; *Weigelt v. Factors Credit Corp.,* 174 Pa. Superior Ct. 400, 101 A. 2d 404.

There is a general presumption existing in all dealings between husband and wife that property bought in the name of the wife with the husband's funds or transferred from husband to wife without consideration, is a gift to her.[1]

---

[1] *Bowser v. Bowser,* 82 Pa. 57; *Wilson v. Silkman,* 97 Pa. 509; *Earnest's Appeal,* 106 Pa. 310; *Waslee v. Rossman,* 231 Pa. 219, 228, 80 A. 643; *Buckley v. Buckley,* 277 Pa. 215, 120 A. 926; *Loeffler's Est.,* 277 Pa. 317, 325, 121 A. 186; *Gassner v. Gassner,* 280 Pa. 313, 124 A. 483; *Buckwalter Stove Co. v. Edmonds,* 283 Pa. 236, 128 A. 835; *Werle v. Werle,* 332 Pa. 49, 1 A. 2d 244; *Stewart v. Hooks,* 372 Pa. 542, 552, 94 A. 2d 756.

A husband who seeks to impress a trust for his use upon property, title to which has been placed in his wife, must prove by clear, explicit and unequivocal evidence that he paid the purchase money and that no gift was intended. *Raub's Estate,* 286 Pa. 575, 134 A. 451; *Katz v. Katz,* 309 Pa. 115, 120, 163 A. 214; *Mahjoubian v. Mahjoubian,* 321 Pa. 354, 184 A. 455; *Brown v. Nagle,* 118 Pa. Superior Ct. 234, 239, 178 A. 505. There was no evidence in this case that the husband intended a trust in his favor when title to the car was placed in his wife. On the contrary, he clearly stated that he had no equity in the car involved in this accident. Throughout his testimony he insisted that his wife was the sole owner of the car. It was therefore error to nonsuit the wife and to hold as a matter of law that her husband was a part owner of the car.

As a new trial must be had in the wife's case, we feel that a new trial also should be granted in the cross suit. The jury may have misunderstood the reason for the granting of the nonsuit in the wife's case. Of greater importance is the desire to bring about consistent verdicts. Another jury may give the wife a verdict. To do so they would have to find Wilson negligent. If Wilson's verdict against the husband were permitted to stand, it could be only on the ground that he was not negligent. The inconsistency is readily apparent. "Underlying the rule permitting the plaintiffs to join in a single action is the object of furthering procedural convenience by a single trial, not only in order to eliminate the burden and expense of multiple trials but also to avoid the possibility of contradictory verdicts returned by different juries." 4 Anderson Pa. Civil Practice p. 323; *Pittsburgh Parking Garages v. Urban Redevelopment Authority,* 370 Pa. 578, 582, 88 A. 2d 780; *Stokes et al. v. Giarraputo & Son No. 1,* 42 D. & C. 161, 162.

Pa. R. C. P. 213 permits the court to try actions together where they involve "a common question of law or fact." Before the adoption of the rule the courts could exercise discretion in this field. One of the principal reasons for permitting this procedure was to prevent inconsistent verdicts. Our appellate courts have not hesitated to grant new trials under similar circumstances: *Schwartz v. Jaffe*, 324 Pa. 324, 188 A. 295; *Taylor v. Rounds*, 349 Pa. 157, 36 A. 2d 817; *Biehl v. Rafferty*, 349 Pa. 493, 37 A. 2d 729; *Nunamaker v. New Alexandria Bus Co. Inc.*, 371 Pa. 28, 34, 88 A. 2d 697; *Nikisher v. Benninger*, 377 Pa. 564, 105 A. 2d 281.

Our conclusion makes it unnecessary to pass upon the question whether Wilson was contributorily negligent as a matter of law.

In the case of *Ruth Liebendofer v. George W. Wilson*, the order of the lower court is reversed and a new trial is awarded, with costs to abide the final result.

In the case of *George W. Wilson v. Harry G. Liebendofer*, the judgment of the lower court is reversed and a new trial is awarded, with costs to abide the final result.