## Hanson v. Berenfield

*Alexander, Clark, Mervine & Calderwood*, for plaintiff.

*C. Henry Nicholson*, for defendant.

FLICK, JR., P. J., September 8, 1960.—Before the court are preliminary objections to a complaint in an action to quiet title.

*History*

Plaintiffs are J. Russell Hanson and Lillian M. Hanson, his wife, residents of Warren. Their complaint, endorsed with notice to plead, was served on the two individuals who are defendants in the action, as follows: On Myer Berenfield, a resident of Warren, on May 22, 1959, and on Isadore Berenfield, a resident of Pittsburgh, on May 26, 1959.

On June 10, 1959, counsel for defendants presented a motion in open court asking for leave to take depositions of plaintiffs under Pa. R. C. P. 4007, to aid defendants substantially in the preparation of their pleadings, with a stay of proceedings. The court examined the complaint, found all material allegations to be matters of record in Warren County, or facts of which defendants could reasonably be expected to have knowledge or the means of obtaining knowledge and therefore, pursuant to rule 4011, dismissed the motion, giving defendants 20 days in which to file an answer to the complaint.

No answer was filed but on the twentieth day, to wit, June 30, 1959, the preliminary objections now before the court were filed, service thereof being accepted by counsel for plaintiffs. Oral argument on the issues raised by the preliminary objections was made to the court by counsel for both parties and briefs requested by August 15, 1959. These were filed and counsel for defendants also filed a reply brief on August 2, 1959. The court has studied and carefully considered the pleadings, the arguments and briefs of counsel, and the law applicable to the question raised by the preliminary objections. Delay in decision of the matter has been caused in part because the issues presented are matters of first impression. No case was

cited by counsel and none could be found by the court which decides the questions raised in the instant case. The Superior Court has said: "Pa. R. C. P. No. 1061 provides a new form of action and naturally its lines and contours have not yet been sharply defined or drawn": Versailles Twp. Auth. v. McKeesport, 171 Pa. Superior Ct. 377, 383. As a precedent for similar situations in the future, the matter has deserved considerable study, and it will now be determined.

## Discussion

Defendant's preliminary objections are as follows:

"Defendants make preliminary objections to the complaint in the above entitled case as follows:

"1. The action is improperly brought, inasmuch as an action to quiet title will lie only where an action of ejectment will not lie under Rule 1061(b)(2).

"2. Plaintiffs fail to state whether or not their complaint is founded upon a statutory authorization, and specify no such statutory authorization.

"3. Plaintiffs fail to state in their complaint whether or not their action is founded upon the general power of the court to quiet title.

"WHEREFORE defendants pray your Honorable Court to dismiss plaintiff's complaint."

The preliminary objections are not labelled or titled to indicate which of the five grounds to which such objections are limited by Pa. R. C. P. 1017(b) are being raised. The use of subtitles is recommended in 2 Anderson Pa. Civ. Pract., page 430 (1960 ed.), to "serve the purpose of informing the Court and the adverse party of the nature of the pleading," and subtitles are also used in the suggested form for preliminary objections shown in 4 Standard Pa. Pract., revised to conform with the Pa. Rules of Civil Procedure, pages 40 and 41. This court agrees with these two standard

services and not with the Goodrich-Amram service, §1017(b)2, which thinks subtitles would be awkward. However, regardless of what the services may provide, subtitle are not required by law, for all that is required is compliance with Pa. R. C. P. 1028(a) which provides: "Preliminary Objections shall state specifically the grounds relied upon," and this defendants have done.

As the three great services on Pennsylvania practice will be referred to again in connection with issues before the court, it might be well to point out here that these estimable and scholarly works, while they have been and are a great asset to Pennsylvania judges and lawyers, do not state the law unless such statement is supported by statute or court opinion.

Objections numbers two and three are in the nature of a motion for more specific pleading, allowed by rule 1017(b)(3). The only authority cited for these objections is a statement in Goodrich-Amram §1061(b)6, which defendant's counsel notes is "editorial comment" on rule 1061(b)2, which reads as follows:

"In every case, therefore, the plaintiff should state in his complaint whether his action to quiet title is founded on a statutory authorization (specifying it) or upon the general power of the court to quiet titles."

No authority is cited. Neither Anderson Pa. Civ. Pract. nor Standard Pa. Pract. contain such a statement although they both note that the new action at law to quiet title created by rule 1061 is broad in scope and includes not only all the subjects formerly covered by a bill in equity quia timet but also a large number of independent actions and proceedings, mostly statutory, designed to remove clouds on title, to adjudicate title disputes where ejectment will not lie, and to secure summary possession of land: Goodrich-Amram §1061(b)-1; 3 Anderson Pa. Civ. Pract., page 126; 13

Standard Pa. Pract. 550. In discussing the scope of the new action created by rule 1061, the Anderson service notes that subdivision (*b*) defines the scope of the action, and says: "There is only one action to quiet title. The rule does not recognize a group or aggregate of actions to quiet title," vol. 3, page 128.

The Goodrich-Amram editorial comment above quoted, is found in two reported common pleas cases, both of which are actions to quiet title under rule 1061, as follows: In Cantwell v. Henzler, 9 D. & C. 2d 21, plaintiffs were grantees of an individual, who acquired title to a vacant lot from Bucks County, the county having acquired title to the property by virtue of a county treasurer's sale for delinquent taxes. Defendants owned the property by virtue of a deed dated March 7, 1937, and it was assessed to them in subsequent years. They failed to pay taxes for the year 1946 and the property was returned by the collector as delinquent on the first Monday of May and sold to the county commissioners on August 2, 1948, after notice by registered mail to defendant John Henzler, husband-owner, and advertisement. In 1950, by a court proceeding, sale of the property was approved and it was conveyed by the county commissioners to the individual who at once conveyed it to plaintiffs. Notice of the proceeding was given to defendant-wife-owner, personally, prior to hearing. Plaintiffs filed their action to quiet title in 1950 and defendants answered, denying validity of the tax sale on the ground that notice of the sale was defective and the property insufficiently described in the collector's return. The case was tried before the court without a jury and decided in plaintiff's favor, validity of the tax sale being established by the findings of fact and conclusions of law, and an order entered barring defendants from asserting any title or interest in the land.

All of this has had no bearing on preliminary objections numbers two and three in the instant case. However, for apparently no reason other than to show the extent of its own research, the court noted that "the Complaint does not indicate whether the action is brought under the statutes of the Commonwealth or under the Rules of Civil Procedure . . .," and the Goodrich-Amram 1061(b)-6 comment above quoted was then set forth. In further comment the opinion then quotes rule 1061(*b*)-2 (not (*b*)-4 which allows an action "to obtain possession of land sold at a judicial or tax sale) ;" notes that the complaint is silent as to whether or not ejectment will lie; states that "if defendants are in possession and ejectment will lie, the action to quiet title is not the proper remedy," (citing cases) : and then says: "Likewise, there is no direct testimony in relation to possession, but possibly from the testimony an inference could be drawn that plaintiff is in possession. Since this matter previously has been called to the attention of counsel for plaintiff and counsel for defendants, we shall assume for the present that the matter of jurisdiction is not questioned": pages 34 and 35.

This case is of no help in determining the issues raised by preliminary objections two and three. In the first place, if plaintiff is to be required to plead the statute when he seeks to enforce statutory rights in an action to quiet title, then the statute which should have been pleaded in the complaint in the Cantwell v. Hentzler case is not one of the statutes consolidated in 1061(*b*)2, but the statute now included in an action to quiet title by the provisions of 1061(*b*)4, to wit, the Act of April 20, 1905, P. L. 239, as amended by the Act of March 21, 1945, P. L. 47, 12 PS §2571. In the second place, the court does not decide the issue; it merely points out the fact that the question was not raised and is not being passed on. The court's com-

ments, however, do point up one of the unsolved problems in determining the scope of the new action to quiet title created by rule 1061.

The action to quiet title is not limited to situations for which statutory authority existed before the new form of action was created by the rules. Its scope is as broad as the language used in rules 1061-1066, so that the action includes and consolidates the existing statutes but it is not limited to the precise situations covered by them, for it also includes situations in which plaintiff sought relief in equity. The Supreme Court has held that the new action "embraces all the equitable jurisdiction which was formerly exercisable under a bill quia timet": Kalyvas v. Kalyvas, 371 Pa. 371, 372.

Goodrich-Amram comments, §1061(b)-6, says that rule 1455 suspends all statutes included in rule 1061 entirely except as to certain provisions outside the scope of the rules, such as right of appeal, imposition of costs, etc., and also certain provisions within the scope of the rules but not specifically mentioned, such as payment into court, duties of prothonotary and recorder, and enforcements of judgments. Therefore, says Goodrich-Amram, plaintiff now has an optional mode of procedure. "He may elect to proceed under one of the existing statutes, in which case the procedure in the action will be in accord with these Rules, but the plaintiff or defendant may have the benefit of any of the auxiliary rights granted in the statute. Alternatively, he may elect to proceed under the general powers granted in rules 1061(b) and 1066(b), in which case the procedure will likewise be in accord with these rules, but the right to the benefit of any auxiliary matters will depend upon the power of the court to grant such benefits and its willingness to do so." This is misleading, for plaintiff does not proceed under a statute *or* under rule 1061. The action is brought and the stat-

368

ute establishes under the rule, the substantive right to bring the action.

The statement hereinbefore quoted from Cantwell v. Hentzler, supra, to the effect that plaintiff ought to plead either statutory authority or general power of the court to quiet titles, follows immediately after the foregoing quotation. As stated, no case can be found holding this proposition to be the law or making such interpretation of rule 1061. Cantwell v. Henzler, quoting Goodrich-Amram but making no ruling, is cited in the 1958 case of Henning v. Nowicki, 18 D. & C. 2d 47, an action to quiet title to a vacant lot. There, as in the instant case, neither party was in actual possession of the lot, but in that case the parties are reversed from what they are in the instant case, i.e.: plaintiff purchased from the county commissioners following a tax sale to them, while defendant owned the lot in the year of the assessment of the tax which was not paid and for collection of which it was sold, and also in the year of sale. Finding the collector's return unlawful and the tax sale therefore void, the court ordered judgment entered for defendant. That portion of the opinion which bears on defendant's preliminary objections numbers two and three in the instant case provides as follows:

"In an action to quiet title, plaintiff should state in his complaint whether his action is founded upon a statutory authorization, specifying it, or upon the general power of the court to quiet titles: Goodrich-Amram Civil Practice, sec. 1061(b)-6; Cantwell v. Henzler, 9 D. & C. 2d 21. This is so because under certain statutes he is entitled to benefits and rights which are not available to him under the Pa. R. C. P. 1061(b) and 1066(b). Since the complaint does not contain this provision and at argument it did not appear that plaintiff is relying on any existing statute, we will assume

that this action is brought under the procedural rules":
pages 48 and 49.

The Court of Common Pleas of Allegheny County also mentions the quoted editorial comment from Goodrich-Amram, in an action to quiet title: Pittsburgh v. Brown, 13 D. & C. 2d 659. There the city-plaintiff acquired title to land and building by a sheriff's deed upon execution for non-payment of a municipal sewer lien. Defendants were assignees of a mortgage on the property, more than 21 years old. The complaint stated that the action is authorized by the Act of May 8, 1895, P. L. 44, which provides for discharge of encumbrances due and unclaimed for 21 years. This is one of the numerous acts consolidated in subsection (3) of rule 1061(b), designed to cure title deficiencies which cannot be reached through any form of direct or indirect ejectments: Goodrich-Amram, sec. 1061(b)-3.

Defendants contended that as the action was founded on the Act of 1895, plaintiff was limited to the relief provided in that act, to wit: a rule on defendants to start proceedings to enforce payment of the mortgage within 30 days. Holding that plaintiff is not so limited, but is entitled to the relief provided for in rule 1066(b), the court gives a clear and comprehensive statement as to the scope of the action to quiet title under the rules, and the effect on existing statutes. Excerpts from the Goodrich-Amram editorial comment are included in the opinion, and as these shed light on the issue raised by defendant's preliminary objections in the instant case, the opinion in Pittsburgh v. Brown will be quoted at some length, as follows (page 661).

"While plaintiff may rely on the Act of 1895 for statutory authorization for the discharge of an encumbrance due and unclaimed for 21 years, Rule 1455(21) of the Pennsylvania Rules of Civil Procedure has suspended the Act of 1895 insofar as it applies to practice

and procedure. Plaintiff, therefore, is not limited in the relief which he may seek, to a rule on defendants to commence legal proceedings to enforce payment of the mortgage.

"Goodrich-Amram, commenting on the scope of the present action to quiet title, contains the following:

"Section 1061($b$)-1:

" 'The action to quiet title is a new form of action, created as a consolidation of a large number of independent actions and proceedings mostly statutory, designed to remove clouds on title, to adjudicate title disputes where ejectment will not lie, and to secure summary possession of land.'

"The following additional comments are also pertinent in a determination of the question now before the court:

"Section 1061($b$)-3:

" 'The consolidation is much more extensive in the field of general proceedings to remove clouds on title, liens and charges on the land. . . . The proceedings now under discussion are designed to cure deficiencies which cannot be reached through any form of direct or indirect ejectment. They cover a wide range of problems, including proceedings . . . to satisfy any encumbrance where the debt is unpaid for 21 years.'

"In section 1061($b$)-6, the authors comment on the effect of the new action to quiet title on existing statutory actions. The authors state in that section that ordinarily there would have been no need to retain any of the then existing actions for the reason that the new action to quiet title is broad enough to include them all.

"Rule 1455 has, in fact, suspended all the statutes listed therein except to the extent that they cover matters outside the scope of the procedural rules. These auxiliary matters, according to the authors, are, for example, the grant of the right of appeal, the imposi-

tion of costs, penalties and fees and the statement of the effect of the judgment or decree.

"It is the opinion of this court that plaintiff in the present action is not limited, in the relief which it may seek, to a rule on defendants to begin legal proceedings to enforce payment of the mortgage in question": pages 661 and 662.

From the three cases above reviewed, it seems clear that defendant's preliminary objections numbers two and three must be dismissed. While it might be good pleading in some instances for plaintiff to state "whether his action to quiet title is founded upon a statutory authorization (specifying it) or upon the general power of the Court to quiet titles," it is not necessary that such allegations be included in the complaint. The Goodrich-Amram comment that plaintiff should so plead "in every case," is not supported by any decision which can be found. It is only mentioned in the three common pleas cases above reviewed, and in none of these cases is it held that the complaint, containing no such allegation, is deficient. In Cantwell v. Henzler, supra, the matter was called to the attention of counsel and when they did not pursue it, the court proceeded, saying that "the matter of jurisdiction is not questioned." This, of course, could not be done if the action to quiet title cannot be entertained unless the complaint states whether it is based on a statute or on general power of the court to quiet titles, for such requirement would then be a jurisdictional matter, and no court can acquire jurisdiction by consent, waiver or estoppel: Bell Appeal, 396 Pa. 592, 597.

The second case in which the Goodrich-Amram comment is mentioned, Henning v. Mowicki, supra, certainly does not hold that the complaint must state whether an action to quiet title is founded on a statute or general power of the court to quiet title. There it was held that since no such allegation was made, the

court could assume that the action was brought under the procedural rules.

The third case reviewed above, Pittsburgh v. Brown, supra, holds that even when the action is one authorized by statute before adoption of the rules, and the statute is stated in the complaint, plaintiff is not limited to the relief provided in the statute. The language of the rules is broad enough so that the scope of the action to quiet title includes all such statutes, and plaintiff is entitled to the relief provided for in rule 1066 if he successfully proves his case. This holding certainly shows that pleading a statute is not a jurisdictional requirement under the rules. Stating statutory authorization in the complaint may be good pleading in that it informs the court and the adverse party as to the nature of plaintiff's claim, but it is not required. As long as the complaint states a good cause of action under the provisions of Rule 1061, that is sufficient. There is only one action to quiet title, and the relief is that which is appropriate to the facts, not that specified in a statute which is included within the scope of the rule creating the new action.

For the foregoing reasons, defendant's preliminary objections numbers two and three must be dismissed.

As to preliminary objection number one, the sole inference is that an action of ejectment will lie under the facts alleged in the complaint, and therefore an action to quiet title will not lie under the provisions of subsection (2) of rule 1061(b). In his brief, counsel for defendants argues that the complaint should state which party is in possession; that if defendants are in possession and plaintiffs are out of possession, ejectment will lie and an action to quiet title will not lie; and if plaintiffs are in possession and defendants are out of possession, the action to quiet title will lie but it must be brought under subsection 1 of rule 1061(b), i. e., to compel defendants to bring ejectment. The

facts alleged in the complaint, and the relief sought, clearly show that the action is not that authorized by 1061(b) (1). Plaintiffs seek a decree that they are the owners of the vacant lot in question and that the deed to defendants from the county commissioners is void. Plaintiffs' brief argues that they have the right to bring this action under subsections 2, 3 or 4 of rule 1061(b).

In the case of Buck v. Brunner, 167 Pa. Superior Ct. 142, the lower court said:

"It is only where the *plaintiff* is in possession of land against which a person not in possession makes claim or asserts the title, that an action to quiet title will lie: Rule[s] 1061 [to 1066] of the Procedural Rules." The decision was affirmed per curiam. This is too broad as a general statement, for under subsections (1), (3) and (4) plaintiff is not required to be in possession in order to bring an action to quiet title, and it is only subsection (2) which has the qualification that the action can be brought where ejectment will not lie. Referring to subsection (1), Anderson's Pennsylvania Civil Procedure says:

"The failure to preserve in the Text of the Rules the provisions of the prior statutes specifying that the plaintiff must be in possession is significant as indicating that the new action to quiet title is not to be subject to the limitations of the old procedures to obtain rules to bring ejectment": Vol. 3, page 128.

The statement in Buck v. Brunner applies to the facts of that case, where defendant fenced in a disputed strip of land between the parties and was in physical possession of land to which plaintiff claimed title and the court held plaintiff must bring ejectment. The rule of Buck v. Brunner applies to the ordinary case, where defendant has physical possession of the land to which plaintiff claims title and the right of possession, but it does not apply to situations such as

that shown in the complaint in the instant case, where the land is vacant and unimproved and neither party has physical possession.

Although not in actual possession, an owner of wild and uncultivated land has been held to have *legal* possession thereof to the extent that he can bring a trespass action (Irwin v. Patchen, 164 Pa. 51, 67), but ownership of the vacant lot in the instant case is the very matter in litigation. The complaint shows that plaintiff has an assignment of a county commissioner's tax deed for the lot, and defendant has a commissioner's tax deed which plaintiff claims is void for lack of notice of sale to the owner. It might seem that this situation is covered by the Act of June 10, 1893, P. L. 415, 12 PS §1545, or the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212, 12 PS §1543, both of which are now included in the action to quiet title, but under these acts plaintiff's possession was jurisdictional (Hemphill v. Ralston, 278 Pa. 432), and had to be decided before the issue of title was tried. Where possession was disputed, there were, in effect, two trials. See Clark v. Clark, 255 Pa. 574. One of the purposes of the action created by the rules was to eliminate this cumbersome procedure and, where there was no actual possession, to settle the title and thereby the right to possession in an action to quiet title. Certainly it was intended to eliminate the result reached in the case of Girard Trust Company v. Dixon, 335 Pa. 253, where the court held that plaintiff could not proceed under the Act of April 16, 1903, to have its title adjudicated because neither party was in possession of the land which was between low and high water mark along the Schuylkill River.

It is not necessary to prolong this discussion by considering any of the other acts for quieting titles, plaintiffs' rights under which are now included in the scope of the action to quiet title. If, under the situation dis-

closed in the complaint, plaintiffs could only have proceeded in equity prior to the adoption of the rules, now they may bring an action to quiet title under the authority of rule 1061 (*b*) (2).

For the foregoing reasons defendants' preliminary objection number one must be dismissed.

While not necessary for passing on the preliminary objections, for the sake of future practice, the court will discuss plaintiffs' argument that the action is properly brought under subsection (4) of rule 1061 (*b*), which provides that an action to quiet title may be brought, "(d) to obtain possession of land sold at a judicial or Tax Sale." Goodrich-Amram, Anderson and Standard Pennsylvania Practice all agree the right to bring an action to quiet title under this category is based on the substantive rights given to a purchaser at a tax or judicial sale by the Act of April 20, 1905, P. L. 239, as amended March 21, 1945, P. L. 47, 12 PS §§2571-2590; and because the rules cannot "abridge, enlarge or modify the substantive rights of any litigant, Act of June 21, 1937, P. L. 1982, 17 P.S. 61, subsection (4) is delimited by the Act of 1905". See Goodrich-Amram 1061 (b)-4; Anderson Pennsylvania Civil Practice, vol. 3, pages 136 and 137; Standard Pennsylvania Practice, vol. 13, rev. pages 362 and 363; Pittsburgh Park Garage v. Urban Redev. Auth., 370 Pa. 578, 580.

By proceeding under the Act of 1905, the purchaser obtained the result of an ejectment action, i.e., his title and right to possession of the purchased property was adjudicated but the right to thus proceed is given to *purchaser* at judicial or tax sale and not to the owner whose title is alleged to have been lost through the sale. Subsection (4) does not provide that it is limited to purchaser but it cannot extend substantive rights to the owners of property sold at tax or judicial sale. Such owners may, of course, bring ejectment if they are out of possession and the purchaser at the ju-

dicial or tax sale is in possession, or the facts may entitle them to bring an action to quiet title under subsections (1), (2) or (3). They are not without a remedy. However, to allow an owner whose property has been sold at tax or judicial sale, to bring an action to quiet title on the sole ground that such a sale has been held, that is under authority of subsection (4), would amount to a creation of substantive rights which did not exist prior to adoption of the rules. This cannot be done under provisions of the act authorizing the Supreme Court to prescribe, adopt, promulgate and publish the rules: Act of June 21, 1937, P. L. 1982, as amended March 30, 1939, P. L. 14, 17 PS §61. See Dulles v. Dulles, 180 Pa. Superior Ct. 598, page 602, where the court said in referring to this act:

"Neither the legislature nor the Supreme Court intended to change substantive matters. Only matters of practice and procedure could be changed by the rules."

It seems unfortunate that the validity or invalidity of a tax sale cannot be determined in an action to quiet title under rule 1061 (b) (4), whether the moving party is the purchaser or he whose title is claimed to be divested by the sale. To allow the action to be brought by either party would comply with the purpose of the rules, shown by the manner in which they are to be construed under rule 126, that is: "To secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Where both the purchaser and the owner whose property was sold desire to have a speedy and inexpensive determination as to the validity of the sale, the question of jurisdiction has not been raised: See Pejak v. Baich, 15 D. & C. 2d 138. However, when the question is raised, there can be only one answer. The motto reads "Equal justice under *LAW*."

For the reasons above set forth, the preliminary objections must be dismissed and the court enters the following order:

*Order*

Now, September 8, 1960, for the reasons stated and pursuant to the authorities cited in the foregoing opinion, it is hereby ordered and decreed that the preliminary objections filed by defendants to the complaint in this action be and the same are hereby dismissed, and defendants are given 30 days from the date of this order within which to answer the complaint.